IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **UNDER SEAL** |
| v. | Case No. 1:22-CR-120 |
| NATHAN DANIEL LARSON, et. al., | |
| *Defendants.* | |

RECEIVED IN OPEN COURT
JUL 14 2022
CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## GOVERNMENT'S MOTION TO SEAL INDICTMENT
## PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the indictment until all defendants are arrested. However, the government requests permission to disclose a copy of the indictment to counsel for any defendant who is arrested, regardless of whether all named defendants are arrested.

**I.   REASONS FOR SEALING** (Local Rule 49(B)(1))

1. The Department of Homeland Security (DHS), Homeland Security Investigations (HSI) is investigating the defendants for engaging in a child exploitation enterprise, in violation of 18 U.S.C. 2252A(g).

2. Premature disclosure of the charges against the defendants would jeopardize an ongoing criminal investigation threatening our ability to locate and arrest the defendants. Disclosure of the indictment would provide the defendant and others with a roadmap of the ongoing criminal investigation, including the identity of agents and potential witnesses involved.

## II. REFERENCES TO GOVERNING CASE LAW (Local Rule 49(B)(2))

3. The Court has the inherent power to seal indictments. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing the indictment is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. *See e.g., In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F.Supp. 366 (D. Kan. 1992).

## III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

4. The indictment would need to remain sealed until all defendants are arrested. However, the government requests permission to disclose a copy of the indictment to counsel for any defendant who is arrested, regardless of whether all named defendants are arrested.

5. Upon occurrence of the event specified in paragraph 4, pursuant to Local Rule 49(B)(3), the sealed materials will be automatically unsealed and handled as such.

6. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation. The United States will move to unseal the documents before they are set to become automatically unsealed if it determines that

circumstances warrant such action.

WHEREFORE, the United States respectfully requests that the indictment and this Motion to Seal and proposed Order be sealed until all defendants are arrested.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: _____
Whitney Kramer
Special Assistant United States Attorney (LT)
Seth Schlessinger
Assistant United States Attorney

3