FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division                2022 JUL 22  P 12: 11

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No: 1:22-CR-120 |
| v. | ) | |
| | ) | |
| Kyle William Leishear, | ) | |
| | ) | |
| *Defendant.* | ) | |

## UNITED STATES' MOTION FOR REVOCATION OF RELEASE ORDER

The United States of America respectfully moves the Court under 18 U.S.C. § 3145(a)(1) to revoke the July 20, 2022 order (hereinafter "the Order") issued by a Magistrate Judge in the Middle District of Florida, releasing the defendant, Kyle William Leishear, on bond and conditions of pretrial release.[1] The defendant has been indicted for engaging in a child exploitation enterprise, in violation of 18 U.S.C. 2252A(g). In addition to his heinous conduct as a prominent member of a child exploitation website, the evidence demonstrates that the defendant met up and engaged in in-person sexual activity with a minor victim whom he met through this exploitative website. This motion is based on the significant risk that the defendant presents to the safety of the community, and to children, in particular, as well as his risk of nonappearance.

---

[1] The government is currently seeking a stay of the Magistrate Judge's release order in the Middle District of Florida.

## BACKGROUND

### A. Rapey Website Investigation

From at least September of 2020 through December of 2020, "Rapey.su" operated as a website dedicated to, among other things, the sexual exploitation of children. The website had approximately 8,000 members, which included minors (some were victims of the adults on the site and some produced sexually explicit images without any known adult involvement). A hallmark of the Rapey website was its "confirmation" process, whereby users—particularly female users, including minor females—had to submit a photo to one of the website's administrators with the website's name written on her body. Although the requirements for these confirmation photos varied amongst the different administrators or confirmers and did not always require the aspiring member to be engaged in sexually explicit conduct, the options for confirmation included nude or sexually explicit photos and this conduct was frequently encouraged.

Homeland Security Investigations ("HSI") discovered dozens of minor victims who were exploited on the Rapey website, some as young as 10 years old. To date, approximately 40 minor victims have been identified and recovered. There is evidence that multiple members of the website traveled to meet minors whom they met on the website in person in order to engage in sexual activity with them, including this defendant. Multiple defendants have been arrested and charged around the country, including two defendants who have been convicted on federal charges for production of child sexual abuse material.

### B. Leishear's Conduct

Leishear, using the moniker "DirtMcGirt" on the website, was a prominent member and administrator of Rapey website. Not only did Leishear engage in several unlawful activities on the website, but the evidence also indicates that Leishear, who is 43-years-old, met in person with

2

a 16-year-old minor victim whom he met on the Rapey website and recorded himself engaging in sexual activity with her. While a prominent member on the Rapey website, Leishear attempted to produce child sexual abuse material by soliciting images from several minors on the website. For example:

- On September 25, 2022, an identified minor victim, who reported her age as 12-years-old on her publicly viewable profile, created a posting titled "Tween pussy n asshole :3" where she posts several closeup images of a minor female's genitals, vagina, and anus lasciviously exhibited. On October 1, 2022, Leishear responded to her: "My god girl, that is a beautiful sight. I would bury my tongue in your ass and pussy as if life depened on it. DM me anytime. Please keep posting more of your dirty lil fuck holes"

- On October 18, 2020, another identified 14-year-old minor victim created a posting titled "another closeup" with the "pussy" badge preceding it. In it, she posts a closeup image of a minor female with her legs spread open and her fingers pressed against/in her vagina, as well as a video of what appears to be the same girl masturbating. The same day, Leishear commented on the posting: "Umm yes please.. More and more…Wow"

- Additionally, on October 11, 2020, Leishear distributed a video depicting prepubescent minors engaged in sexually explicit conduct to another minor victim on the website.

Thereafter, a search warrant was executed at Leishear's residence in Bayonet Point, Florida. Examination of digital devices belonging to Leishear revealed that Leishear had recorded himself engaging in sexual activity with a child that he had met on the website.

## ARGUMENT

**I)** **The Court has authority to revoke the Order of Release, and a rebuttable presumption of detention exists in this matter.**

Under 18 U.S.C. § 3145, "[i]f a person is ordered released by a magistrate judge . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." 18 U.S.C. § 3145(a). The district court's review of the Magistrate Judge's opinion is de novo. *See United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001); *United States v. Koenig*, 912 F.2d 1190, 1190-93 (9th Cir. 1990); *United States v. Umali*, 2015 WL 7455540, at *1 (E.D. Va. 2015). The district court may review the evidence before the magistrate judge or conduct its own evidentiary hearing. *Koenig*, 912 F.2d at 1193. If the court finds that no "condition or combination of conditions will reasonably assure the appearance of the person as required, and the safety of any other person and the community," the Court "shall order the detention of the person before trial." 18 U.S.C. § 3142(e).

The Court must detain the defendant if the Government proves by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance at future court proceedings, or by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. *Umali*, 2015 WL 7455540, at *1. "For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance or the safety of others or the community, is sufficient; both are not required." *Stewart*, 19 F. App'x at 48. In this case, moreover, there is a rebuttable presumption that no condition or combination of conditions will suffice if there is probable cause to believe that Defendant committed an offense involving a minor victim,

4

including attempted production of child pornography under 18 U.S.C. § 2251(a) and (e). *See* 18 U.S.C. § 3142(e)(3)(E).[2]

The factors to be considered in determining whether to release a defendant pending trial include: (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearances at court proceedings; and (4) the nature and seriousness of danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

**II)   The egregious nature of the offense, the ample evidence in this case, and the danger he poses to the community weigh strongly in favor of detention.**

*Nature and circumstances of the offense.* The nature and circumstances of this offense are particularly egregious. Leishear poses a significant threat to the community, as evidenced by the charge itself. *See, e.g., United States v. Crossfield*, Crim. No. 18-352, 2018 WL 4615974, at *3 (E.D. Pa. Sept. 26, 2018); *see also United States v. Stone*, 608 F.3d 939, 947 (6th Cir. 2010) (observing that "charges, on their face" can "indicate a strong threat to society"). Leishear exploited multiple children on Rapey, and his evident skills at grooming and manipulating children

---

[2] While the Bail Reform Act does not specifically mention 18 U.S.C. § 2252A(g) as one of the statutes giving rise to a presumption of detention, the § 2252A(g) offense itself consists of committing other enumerated offenses as part of a pattern of offenses involving more than one minor victim and in concert with three or more other persons. Here, as noted above, the underlying offenses include the attempted production of child pornography (in violation of 18 U.S.C. § 2251(a)) and the distribution of child pornography (in violation of 18 U.S.C. § 2252(a)(2)), both of which do trigger the Bail Reform Act's presumption of detention. Accordingly, the statutory presumption of detention is applicable to Leishear.

only require internet access, a ubiquitous resource. *See Crossfield*, 2018 WL 4615974, at *3 (because applications "are accessible from any computer or smartphone . . . it would be extremely difficult, if not impossible, to monitor [the defendant's] internet usage and to assure that he will not access, share, or create child pornography while on release"). That access to the internet, as well as to any phone, present the opportunity for Leishear to communicate with other members of Rapey, including minor victims. This is particularly dangerous, as the investigation is ongoing and not all of the victims and users have been identified. Multiple Rapey users—including Leishear—traveled to meet minors and engage in sexual activity with them, and multiple Rapey users abused and photographed children within their care or custody.

*Nature and seriousness of danger to the public:* The stakes for potential future victims are extremely high in this case. It is well-established that victims of the sexual abuse that occurs during the production of child pornography often bear profound burdens beyond the original trauma—and that the suffering caused by this exploitation often continues for the rest of their lives. Where "the child's actions are reduced to a recording, the pornography may haunt him in future years, long after the original misdeed took place. A child who has posed for a camera must go through life knowing that the recording is circulating within the mass distribution system for child pornography." *United States v. Church*, 701 F. Supp. 2d 814, 820 (W.D. Va. 2010) (quoting David Shouvlin, *Preventing the Sexual Exploitation of Children: A Model Act*, 17 Wake Forest L. Rev. 535, 545 (1981)). In some cases, victims of child sexual abuse are hounded by strangers long after they have become adults, and once that happens, there is little prospect of an end to the torment. Even if this were to only happen once, the victim's life would be irrevocably altered. The Court should not accept that risk, nor the even greater risk—and strong likelihood—that the defendant will continue his established pattern of attempting to induce children to produce and send these

sexually explicit images, as well as his history of both engaging in and recording sexual activity with a minor victim in person.

*Weight of the evidence and risk of non-appearance:* Despite Leishear's compliance with the self-surrender law enforcement arranged with his counsel, wherein he was given a short time to surrender pursuant to the arrest warrant issued for him, he remains a risk of non-appearance moving forward given the length of the sentence he faces and the weight of the evidence against him. First, the length of Leishear's potential sentence—both the 20-year mandatory minimum and the high Guidelines range he faces above that—presents a powerful motivator to flee. *See United States v. Khusanov*, 731 F. App'x 19, 21 (2d Cir. 2018) ("[A] district court does not clearly err in concluding that a defendant facing a potentially lengthy prison sentence possess a strong motive to flee."); *see, e.g., United States v. Khraizat*, 2000 WL 1769637, 238 F.3d 425 (table), at *2 (6th Cir. 2000) (considering defendant's "lengthier sentence if convicted" in evaluating flight risk). This consequence is not remote – the evidence against Leishear is very strong, including his own admission that he is "DirtMcGirt," the credible evidence of his conduct as depicted on the website, and the recording of him engaging in sexual activity with a minor victim from the website. This strengthens the case for detention. *See, e.g., Crossfield*, 2018 WL 4615974, at *2 (in child exploitation enterprise case, weight of the evidence—including defendant's admissions in law enforcement interview—is a relevant factor supporting affirmance of detention order).

## CONCLUSION

The danger the defendant poses to the public—and to minors, in particular—is profound, compelling, and unacceptable, and the proposed conditions of release ordered by the Magistrate Judge are woefully insufficient to mitigate it. His pattern of attempting to solicit sexually explicit images from minors is considerable, and the fact that he met in person and engaged in and recorded

sexual activity with a minor victim from the website is deeply troubling. There are no conditions that could adequately protect children from his behavior, and the damage—should the defendant choose to re-offend while under supervision—would be irreparable. Accordingly, the government respectfully requests that the Court revoke the Order of Release and require that the defendant remain detained pending trial.

        Respectfully submitted,

        Jessica D. Aber
        United States Attorney

By: _____/s_____
      Whitney Kramer
      Special Assistant United States Attorney (LT)
      Seth Schlessinger
      Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on July 22, 2022, the foregoing was filed with the Clerk of Court, and that undersigned counsel emailed a copy to the defendant's counsel of record in the Middle District of Florida.

/s<br>
Whitney Kramer<br>
Special Assistant United States Attorney (LT)
