IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 1:22-cr-120 |
| JACOB R. MULLINS, | |
| Defendant. | |

### DEFENDANTS' JOINT MOTION FOR BILL OF PARTICULARS

COMES NOW Defendant, JACOB MULLINS, by counsel, and on behalf of his co-defendants, who moves this Honorable Court to order the government to provide a Bill of Particulars for the Indictment pursuant to Federal Rule of Criminal Procedure 7(f).

### BACKGROUND

On July 14, 2022, the Grand Jury returned a one-count indictment against Mr. Mullins and his co-defendants. ECF No. 1. The Indictment charges Mr. Mullins, and others, with knowingly engaging in a child exploitation enterprise in violation of 18 U.S.C. § 2252A(g). The Indictment is just one paragraph, which simply recites the language of the statute. It states as follows:

COUNT 1
(Engaging in a child exploitation enterprise)

From at least as early as September 2020 through in or about December 2020, within the Eastern District of Virginia and elsewhere, the defendants,
NATHAN DANIEL LARSON,
a/k/a "Leucosticte,"
JACOB ROYCE MULLINS,
a/k/a "NotJ,"
KYLE WILLIAM LEISBEAR,

a/k/a "DirtMcGirt,"
WILLIAM CHRISTOPHER KUEHNER,
a/k/a "nechris,"
and
MATTHEW MARTIN,
a/k/a "AgentNippy,"

and other persons, both known and unknown to the Grand Jury, knowingly engaged in a child exploitation enterprise, in that each of the defendants committed violations of the following provisions of chapter 110 and chapter 117 of Title 18 of the U.S. Code—that is, Title 18, U.S. Code, Sections 2251(a), 225l(e), 2252(a)(l), 2252(a)(2), 2422(b), 2423(b), and 2423(e)—as part of a series of felony violations constituting three or more separate incidents and involving more than one minor victim, and committed those offenses in concert with three or more other persons.

## ARGUMENT

### I. Legal Standard

A bill of particulars is necessary to ensure a defendant has details of the charges so he is able to prepare a defense, avoid prejudicial surprise at trial, and protect against a second prosecution based on the same facts. *See United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996); *United States v. Schembari*, 484 F.2d 931 (4th Cir. 1973). A bill of particulars "amplifies the indictment by providing missing or additional information" so that the defendant can effectively prepare for trial. *United States v. Fletcher*, 74 F. 3d at 53. A bill of particulars should be granted when it is necessary to provide sufficient information to a defendant of the charge against him, allow him to prepare for trial, and minimize the dangers of surprise. *Schembari*, 484 F.2d at 934-35; *see also United States v. Dicesare*, 765 F.2d 890, 897 (9th Cir. 1985) ("[A] Bill of Particulars is appropriate when the indictment is insufficient to permit the preparation of an adequate defense.").

## II A Bill of Particulars is Appropriate in Light of the Lack of Particularity in the Indictment.

In the present case, as shown above, the Indictment fails to clearly identify the underlying statutory violations that form the basis of Mr. Mullins's charge, or the charges of his co-defendants. Instead, the Indictment relies on very broad language and merely recites the statue. The Indictment provides that "each of the defendants committed violations of the following provisions … Sections 2251(a), 225l(e), 2252(a)(l), 2252(a)(2), 2422(b), 2423(b), and 2423(e)." *Indictment*. This is unclear and confusing. First, the indictment makes it difficult for Mr. Mullins to determine if he is accused of violating all seven identified sections of the U.S. Code, or whether he is accused of violating just some sections. Second, if the latter, Mr. Mullins does not know which specific sections of the U.S. Code he is accused of violating. These statutes are complicated, as is the child exploitation statute, 18 U.S.C. 2252A, and Mr. Mullins and his co-defendants require notice regarding which statutes to research and prepare for at trial. This creates an unlawful hardship from a practical standpoint and may also impede the defendants' use of any computer forensic expert, making it difficult to closely examine the specific alleged illegal activity.

Further, there is no Affidavit in Support of the Criminal Complaint in this matter to provide additional details. Therefore, the defense does not have the additional information typically present in those affidavits to prepare a defense at trial. As a result, the lack of specificity regarding these allegations makes it impossible for Mr. Mullins or his co-defendants to understand the specific charge against them and to adequately prepare a defense. *See United States v. Fletcher*, 74 F. 3d at 53.

3

## CONCLUSION

WHEREFORE, Mr. Mullins and his co-defendants respectfully requests that the Court order the government to provide a Bill of Particulars that describes with particularity: (1) the specific criminal statutes in the U.S. Code that each defendant is accused of violating; and (2) the approximate dates of each alleged violation of the U.S. Code with regards to each defendant.

    Respectfully submitted,
    JACOB R. MULLINS
    By Counsel

_____/s/_____
Yancey Ellis (VSB No. 70970)
Carmichael Ellis & Brock, PLLC
108 N. Alfred Street, 1st Floor
Alexandria, VA 22314
703.684.7908 / 649.6360 (F)
yancey@carmichaellegal.com

_____/s/_____
Drewry B. Hutcheson, Jr., VSB # 21969
McGinley, Elsberg & Hutcheson, P.L.C.
627 South Washington Street
Alexandria, Virginia 22314-4109
(703) 549-5550/ Fax: (571) 970-6333
hutch365@msn.com
Counsel for Defendant Martin

THE LAW OFFICE OF LANA MANITTA, PLLC

By: _____/s/_____
Lana Manitta, VSB #42994
140B Purcellville Gateway Drive, #511
Purcellville, VA 20132
(703) 705-4428
FAX (703) 705-4429
Lmanitta@ManittaLaw.com
Counsel for Defendant Kuehner

_____/s/_____
Harry A. Dennis, ESQ.
Virginia State Bar No. 40888
Dennis, Stewart, & Krischer, PLLC
2111 Wilson Blvd, 8th Fl
Arlington, VA 22201
Phone: 703-248-0626
Fax: 703-524-5283
Email: hdennis@dskvalaw.com
Counsel for Defendant Leishear

**CERTIFICATE OF SERVICE**

I certify that on November 7, 2022, I filed the foregoing with the Clerk of the Court for the Eastern District of Virginia, Alexandria Division using the CM/ECF system, which will send a Notification of Electronic Filing (NEF) to all parties to this action.

              /s/              
Yancey Ellis (VSB 70970)