IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 1:22-CR-120 |
| v. | Hon. Leonie M. Brinkema |
| JACOB ROYCE MULLINS, | Trial: January 23, 2022 |
| KYLE WILLIAM LEISHEAR, | |
| WILLIAM CHRISTOPHER KUEHNER, | |
| and | |
| MATTHEW MARTIN, | |
| *Defendants*. | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR BILL OF PARTICULARS**

The United States hereby files this response in opposition to the defendants' motion for a bill of particulars, and states as follows:

**I.      BACKGROUND**

On July 14, 2022, a federal grand jury returned a single-count indictment charging the defendants with engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g). See DE 1 ("Indictment"). The language of the sole count of the indictment closely tracks the statutory language contained in 18 U.S.C. § 2252A(g) and provides additional specificity regarding the underlying predicate felonies. The indictment further identifies a specific date range during which the defendants are alleged to have engaged in the child exploitation enterprise and specifies that the conduct occurred within the Eastern District of Virginia and elsewhere.

On November 7, 2022, the defendants filed the instant motion under Fed. R. Crim. P. 7(f), arguing that the indictment is insufficient and requesting that the Court enter an order directing the government to file a bill of particulars. See DE 64 ("Defendants' Motion"). Specifically, the defendants claim that the indictment fails to clearly identify the charges and is unclear and confusing. See id. Neither the law nor the surrounding factual circumstances justify the defendant's request. The government therefore respectfully requests that the motion be denied.

II. **DISCUSSION**

Under the Federal Rules of Criminal Procedure, an indictment need only be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1); United States v. Hayes, 775 F.2d 1279, 1282 (4th Cir. 1985). The Fourth Circuit Court of Appeals has interpreted Rule 7's requirements as follows:

> As a general proposition, an indictment is sufficient if it alleges an offense in the words of the statute, as long as the words used in the indictment "fully, directly and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence." United States v. Brandon, 298 F.3d 307, 310 (4th Cir.2002) (quoting Hamling v. United States, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974)). More specifically, an indictment is legally sufficient (1) if it alleges the essential elements of the offense, that is, it fairly informs the accused of what he is to defend; and (2) if the allegations will enable the accused to plead an acquittal or conviction to bar a future prosecution for the same offense. See Brandon, 298 F.3d at 310.

United States v. Rendelman, 641 F.3d 36, 43-44 (4th Cir. 2011); see also United States v. Hewlett, -- F. Supp. 3d --, Crim. No. 1:20-CR-64, 2020 WL 3259858 at *2-*3 (E.D. Va. June 16, 2020) (citing Rendelman in holding that indictment charging distribution of child pornography using language that "closely tracks the statute's language" was sufficient under Rule 7(c)(1)).

2

Moreover, the Fourth Circuit has consistently and repeatedly held that "[t]he allegations of an offense are generally sufficient if stated in the words of the statute itself." United States v. Smith, 44 F.3d 1259, 1264 (4th Cir. 1995); see also United States v. American Waste Fibers Co., Inc., 809 F.2d 1044, 1046 (observing that "an indictment that merely tracks the statutory language is ordinarily valid"); United States v. Amend, 791 F.2d 1120, 1125 (4th Cir. 1986) (finding allegations in indictment sufficient because the charging language "clearly tracks the language of the statute"); United States v. Lurz, 666 F.2d 69, 78 (4th Cir. 1981) (finding indictment sufficient where charging language was "phrased in the statutory terminology"); accord United States v. Kemp, 500 F.3d 257, 280 (3d Cir. 2007) (noting that "no greater specificity than the statutory language is required so long as there is sufficient factual orientation" to permit a defendant to prepare his defense and invoke double jeopardy) (quoting United States v. Rankin, 870 F.2d 109, 112 (3d Cir. 1989)).

Measured against this standard, the indictment in this matter is plainly sufficient. As noted above, the indictment closely tracks the language of the statute defining the offense charged, alleges each of the elements of the charged offense, and specifies the time and place of the offense—easily permitting the defendant to point to any acquittal or conviction in this matter in order to avoid any possible future prosecution for the same conduct. Notably, however, and contrary to the defendant's claim, the indictment does not "simply recite[] the language of the statute." See Def. Mtn at 1. The statute contains a long list of qualifying underlying offenses, including two sections and three *chapters* of the United States Code that qualify as predicate offenses:

> "A person engages in a child exploitation enterprise for the purposes of this section if the person violates section 1591, section 1201 if the victim is a minor, or chapter 109A (involving a minor victim), 110 (except for sections 2257 and 2257A), or 117 (involving a minor victim), as part of a series of felony violations…"

18 U.S.C. § 2252A(g).

The indictment in this matter not only identifies which chapters are the subject of the enterprise, but actually specifies the particular *sections* within those chapters. The indictment therefore clearly satisfies the requirements of Fed. R. Crim. P. 7(c)(1).

Nonetheless, the defendants request that this Court order the government to file a bill of particulars, as permitted by Fed. R. Crim. P. 7(f). While the decision whether to order the filing of a bill of particulars is committed to the sound discretion of this Court, United States v. Anderson, 481 F.2d 685, 690 (4th Cir. 1973), Rule 7(f) is not intended to "compel prosecution to disclose all of its evidence and perhaps its legal theory of the case to Defendant in advance of trial." United States v. Taylor, Crim. No. 3:04-CR-227, 2005 WL 2298170 at *4 (E.D. Va. Sept. 21, 2005). "It is not the purpose of the bill of particulars 'to provide detailed disclosure of the government's evidence in advance of trial.'" United States v. Miller, Crim. No. 4:08-CR-147, 2009 WL 10676921 at *1 (E.D. Va. May 7, 2009) (quoting United States v. Automated Med. Labs, Inc., 770 F.2d 399, 405 (4th Cir. 1985)). The government is not required to, "at the pre-trial stage, weave the information at its command into the warp of a fully integrated trial theory for the benefit of the defendants." United States v. Addonizio, 451 F.2d 49, 64 (3d Cir. 1971) (citations omitted).[1]

---

[1] While the Fourth Circuit does not appear to have addressed the issue of a Bill of Particulars in the context of an indictment alleging participation in a child exploitation enterprise, the Eleventh Circuit has found that an indictment under 18 U.S.C. 2252A(g) that tracks the statutory language is plainly sufficient. See Freeman v. United States, No. 16-17185-J, 2018 WL 6318358 (11th Cir. July 31, 2018); United States v. McGarity, 669 F.3d 1218 (11th Cir. 2012); United States v. Wayerski, 624 F.3d 1342, 1350 (11th Cir. 2010).

While the defendants' motion accurately notes that the child exploitation enterprise statute requires that the government prove that the defendants engaged in three or more predicate felonies, it simply does not follow that a Bill of Particulars is required in order to adequately inform the defendants of the charges pending against them, to formulate a defense, or to plead a Double Jeopardy bar to a future prosecution.   Notably, in the analogous context of alleged violations of 18 U.S.C. § 2422(b), which prohibits enticement of a minor to engage in unlawful sexual activity, courts have denied motions for bills of particulars in cases involving indictments charging multiple state law offenses as the predicate offenses to which the minor was allegedly enticed.   See, e.g., United States v. Schaefer, No. S1 07 Crim. 498 (DAB), 2008 WL 2332369 at *3 (S.D.N.Y. June 2, 2008); cf. United States v. Rogers, Case No. 18-cr-10018-01-EFM (D. Kan. June 11, 2019).

Moreover, importantly, the government has not only provided extensive discovery already but has also made available for review the *entirety* of the defendants' conduct on the Rapey website—including all of the conduct constituting the underlying predicate violations of the child exploitation enterprise—through a virtual machine that essentially recreates the website as encountered by the defendants at the time of the alleged offenses.   The defendants and their attorneys have been, and will of course continue to be, welcome to review this evidence at the U.S. Attorney's office, as it contains images of child sexual abuse material and must remain in the care, custody, and control of the government.   Therefore, the government has not only made available the evidence establishing the defendants' predicate offenses but also the entire universe of the defendants' conduct on the Rapey website.

The Fourth Circuit has recognized that a bill of particulars is unwarranted where, as here, the government has provided extensive discovery to the defendant.   See Automated Medical

Laboratories, Inc., 770 F.2d at 405; United States v. Soc'y of Ind. Gasoline Marketers of Am., 624 F.2d 461, 466 (4th Cir. 1979) (concluding that no bill of particulars was warranted in light of "extensive disclosure" by the government). Courts in this District have often recognized this principle. See, e.g., United States v. Doan, 184 F. Supp. 3d 271, 283 (E.D. Va. 2016) ("If the indictment adequately details the charges, or the information requested is otherwise available, then no bill of particulars is required.") (internal quotation omitted); United States v. Le, 310 F. Supp. 2d 763, 782 (E.D. Va. 2004) (rejecting motion for bill of particulars because "defendants are sufficiently apprised through discovery of the facts and circumstances of the offense and . . . defendants' motions are in essence an improper request for underlying evidentiary matters"); United States v. Tsoa, Crim. No. 1:13-CR-137, 2013 WL 3242700 at *4 (E.D. Va. June 25, 2013) ("[Defendant is] not entitled to an unnecessary bill of particulars, where the underlying objectives of a Fed. R. Crim. P. 7 motion are fully satisfied by informal and formal discovery.") (internal quotation omitted).

Continued on next page

Here, as outlined above, the government has produced and made available for review extensive discovery, rendering a bill of particulars unnecessary and inappropriate. Accordingly, the United States respectfully submits that the defendants' motion for a bill of particulars should be denied.

                                                    Respectfully submitted,

                                                    Jessica D. Aber
                                                    United States Attorney

Date: November 21, 2022        By:       /s/
                                                    Whitney Kramer
                                                    Special Assistant U.S. Attorney (LT)
                                                    Seth Schlessinger
                                                    Assistant U.S. Attorney
                                                    U.S. Attorney's Office
                                                    2100 Jamieson Avenue
                                                    Alexandria, Virginia 22314
                                                    Tel: 703-299-3700
                                                    Fax: 703-299-3981
                                                    Whitney.Kramer2@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 21, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing (NEF) and caused the NEF to be served electronically upon all counsel of record.

      By:    /s/
            Whitney Kramer
            Special Assistant U.S. Attorney (LT)