IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 1:22CR120 |
| ) | The Hon. Leonie M. Brinkema |
| CHRISTOPHER KUEHNER, et al., ) | Next Hearing: 12/7/2022 @ 9 am |
| ) | |
| Defendants. ) | |

**JOINT REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANTS'
JOINT MOTION FOR BILL OF PARTICULARS**

COMES NOW, the Defendant, CHRISTOPHER KUEHNER, by and through counsel, on his behalf and that of his co-defendants MULLINS, LEISHEAR, and MARTIN, and as his Reply to the Government's Opposition (Dkt. 67) hereby states as follows:

Case law on the validity of an Indictment that merely tracks the language of the statute is notably cautiously worded. A bare bones recitation of the language of a statute may "generally" suffice or be valid "ordinarily," but by couching it in these terms the Fourth Circuit clearly recognizes and informs that it does not *always* suffice. *See United States v. Smith*, 44 F.3d 1259, 1264 (4th Cir. 1995); *see also United States v. American Waste Fibers Co., Inc.*, 809 F.2d 1044, 1046 (4th Cir. 1987). The statute under which the defendants are charged in the case at bar—18 U.S.C. § 2252A(g)—is one that is so uniquely layered, and which contains so many variables, that it certainly falls into that category of statutes to which the "general" and "ordinary" acceptance of merely tracking the statutory language simply should not apply. *See United States v. Smith*, 44 F.3d 1259, 1264 (4th Cir. 1995)

First, 2252A(g), in charging an enterprise, does not accuse a single act or even singular activity. Instead, the commission of a violation 2252A(g) requires the commission of predicate

1

acts. As the Indictment reads, "each of the defendants," (but not *every*) defendant committed violations of seven specific statutes. It is not clear which defendant is alleged to have committed which offense, or if they all are accused of committing all seven. Therefore, the Indictment fails to set forth all the elements "without any uncertainty or ambiguity." *United States v. Brandon*, 298 F.3d 307, 310 (4th Cir.2002) (*quoting Hamling v. United States*, 418 U.S. 87, 117, 94 S. Ct. 2887, 41 L.Ed.2d 590 (1974)).

That isn't where the uncertainty ends, however, due to the multiple additional "variable" elements contained in 2252A(g).  As required by the statute, the Indictment contains multiple additional allegations with respect to the unspecified predicate acts committed by unspecified co-defendants. These are: that the commission of the predicate offenses were committed as a series of *at least three separate incidents*, each committed in concert with *at least three other persons* (who need not be co-defendants) and having *more than one minor victim*. The possible combinations of what is being alleged against each defendant (each or every one of them violating between one and seven statutes, over three or more occasions, with three or more accomplices, and two or more victims) are too numerous for a defendant to possibly be expected to anticipate, let alone prepare for.  It is within these three phrases, laying out the requisite circumstances under which the predicate acts were committed, where the true charged conduct—and therefore any possible defenses—lie.

For the Defendants to have proper notice, and the requisite "factual orientation" referenced by the government (Dkt. 67, at 3, citing *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007)) from which to prepare their defenses, the government should be required to specify which defendant is alleged to have committed which predicate offense, provide a general timeframe as to when he is alleged to have committed such offense, specify a locale where the

2

predicate offense is alleged to have occurred, and at least make some reference to the number of alleged accomplices and victims. Otherwise, no defendant can adequately prepare for trial, including, if applicable, pursue and assert an alibi defense.

      WHEREFORE, the Defendants respectfully pray that the Court order a Bill of Particulars that, at a minimum, sets forth the information requested in Defendant's Motion (Dkt. 64), as well as in this Reply.

                                       Respectfully Submitted,

                                       CHRISTOPHER KUEHNER
                                       By Counsel

THE LAW OFFICE OF LANA MANITTA, PLLC

By: _____/s/_____.
Lana Manitta, VSB #42994
140B Purcellville Gateway Drive, #511
Purcellville, VA 20132
(703) 705-4428   FAX (703) 705-4429
lmanitta@manittalaw.com
Counsel for Christopher Kuehner


**CERTIFICATE OF ELECTRONIC FILING/SERVICE**

      I HEREBY CERTIFY THAT on this the 28th day of November 2022, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

THE LAW OFFICE OF LANA MANITTA, PLLC

By: _____/s/_____.
Lana Manitta, VSB #42994
140B Purcellville Gateway Drive, #511
Purcellville, VA 20132
(703) 705-4428
FAX (703) 705-4429
lmanitta@manittalaw.com
Counsel for Christopher Kuehner