IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| JACOB ROYCE MULLINS, ) | |
| ) | |
| KYLE WILLIAM LEISHEAR, ) | 1:22cr120 (LMB) |
| ) | |
| WILLIAM CHRISTOPHER KUEHNER, and ) | |
| ) | |
| MATTHEW MARTIN, ) | |
| ) | |
| Defendants. ) | |

ORDER

On behalf of all the defendants, Jacob Mullins has filed a Joint Motion for a Bill of Particulars ("Joint Motion"), to which the government has filed an opposition, and the defendants have replied to the opposition. The Joint Motion is scheduled for oral argument; however, the pleadings provide a sufficient basis upon which to resolve the Joint Motion. Therefore, oral argument will be cancelled, making defendant Christopher Kuehner's Motion for Payment and Arrangement of Defendant's Travel to the District for Appearance at Motions Hearing ("Motion for Travel") moot.

In their Joint Motion, defendants argue that the barebones, one-count indictment, which simply cites the statutory language of the Child Exploitation Enterprise Statute, 18 U.S.C. §2252A(g) does not give each defendant sufficient details about exactly what conduct he has been charged with committing. They claim that without more specific information, they cannot effectively prepare for trial. Specifically, they seek a Bill of Particulars advising each defendant: (1) of the specific predicate statutes he is charged with violating, and (2) the approximate dates

each defendant allegedly committed the violations.

In its opposition, the government argues that because the indictment correctly alleges all the elements of the offense, it has provided sufficient notice of the charges and that production of extensive discovery, which shows "all of the conduct constituting the underlying predicate violations of the child exploitation enterprise" [Dkt. No. 67] at 5, undermines defendants' claim that they are entitled to a Bill of Particulars.

Defendants reply that the complexity of § 2252A(g)—which requires the commission of at least three predicate acts in violation of the seven Code sections listed in the indictment, in concert with at least three other persons, and having more than one minor victim—supports their position that the indictment and the discovery has not given them enough specific information.

Whether to grant a motion for a bill of particulars is left to the sound discretion of the Court. U.S. v. Anderson, 481 F.2d 685, 690 (4th Cir. 1973). Given the complexity of the statute at issue, the Court finds that partial relief is appropriate. Specifically, the government must provide each defendant with notice of the specific predicate Code sections that he is alleged to have violated. The rest of the information requested by defendants in their Joint Motion and the additional information they seek in their reply—specification of the locale whether each predicate offense occurred and "some reference to the number of alleged accomplices and victims"—is adequately available to counsel through the discovery the government has disclosed. Counsel remain free to move for additional discovery if they believe that what they have received is insufficient. For these reasons, the Joint Motion [Dkt. No. 64] is GRANTED IN PART and DENIED IN PART, and it is hereby

ORDERED that by December 12, 2022, the government advise each defendant in writing of the particular provisions of chapter 110 and chapter 117 of Title 18 of the U.S. Code listed in

the indictment that he is alleged to have violated; and it is further

ORDERED that defendant Kuehner's Motion for Travel [Dkt. No. 66] be and is DENIED as moot.

The Clerk is directed to cancel the December 7, 2022 hearing and forward copies of this Order to counsel of record.

Entered this 5th day of December, 2022.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge