

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

UNITED STATES OF AMERICA

v.

JACOB ROYCE MULLINS,

Defendant.

Case No. 1:22-cr-120-LMB (2)

## STATEMENT OF FACTS

The United States and the defendant, Jacob Royce Mullins (hereinafter, "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1.  From at least in or about September 2020 through at least in or about December 2020, in the Eastern District of Virginia and elsewhere, the defendant did knowingly engage in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g); that is, the defendant engaged in a series of three or more of the felony child exploitation offenses enumerated in 18 U.S.C. § 2252A(g)(2), the offenses involved more than one minor victim, and the defendant committed those offenses in concert with three or more other individuals.

2.  During the above-mentioned time period, the defendant was a member of the website Rapey, which was available at the URL "rapey.su" (among others). Rapey was a website dedicated to, among other things, the sexual exploitation of children. The Rapey website contained forums, postings, and conversations dedicated to facilitating an array of child exploitation offenses, including the production, distribution, and receipt of child sexual abuse material, as well as the enticement of minors to engage in unlawful sexual activity. At least dozens

1

of users, including the defendant, participated together in forums and other conversations on Rapey where minors were encouraged to produce and share sexually explicit images.

3.      Additionally, website users had the ability to earn "badges" such as "child molester," "aspiring pedodad," "confirmed rapist," "serial killer," or "administrator," among others.   Users typically earned these badges by undertaking a particular activity on the site—for example, the "child molester" badge was often given as the result of users sharing sexually explicit images or videos of children—though some badges, such as "confirmed rapist" (for male users) or "femoid" (for female users) were acquired based solely on user traits, such as gender.

4.      Another feature of the Rapey website was its "confirmation" process, whereby users—particularly female users, including minor females—had to submit a photo to one of the website's administrators with the website's name written on her body.   Although the requirements for these confirmation photos varied amongst the different administrators or confirmers and did not always require the aspiring member to be engaged in sexually explicit conduct, the options for confirmation included nude or sexually explicit photos and this conduct was frequently encouraged.

5.      The defendant owned and operated the accounts with usernames "NotJ" and "JustJ" on Rapey.   In this capacity, the defendant's personal involvement in the child exploitation enterprise included, but was not limited to, the commission of the following acts:

   i.      **Production of Child Pornography, in violation of 18 U.S.C. § 2251(a); Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2); Coercion and Enticement, in violation of 18 U.S.C. § 2422(b).**

   On or about September 11, 2020, the defendant initiated a conversation with an adult female website user ("User 1") wherein the defendant repeatedly asked User 1 for pictures of a prepubescent minor female victim ("Minor Victim 1") and discussed in graphic detail

the sexual abuse that the defendant wished to inflict upon the victim.   On or about September 12, 2020, in response to the defendant's requests, User 1 posted several images of Minor Victim 1 to the conversation, one of which depicted a closeup picture of the minor's genitals.   The defendant responded: "Omg [*face emoji with hearts*] so fuckable… more [*face emoji*]."   User 2 then posted three additional images of Minor Victim 1, two of which are close-up images of Minor Victim 1's genitals with what appears to be an adult hand spreading open the child's labia, graphically exhibiting her vagina. The defendant again responded positively to the images.

   ii.   **Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2).**

On or about September 9, 2020, the defendant created a posting in the "Confirmations" section of the website titled "[*Minor Victim 2*]."   This section of the website was intended to be used for the posting of the above-described confirmation photos, where they could then be viewed by the other members of the website with access to that forum. In the body of the thread, the defendant posted three images that appear to be of Minor Victim 2, an identified 12-year-old girl. One of the images the defendant posted depicts a minor female's breasts and genitals, with "Rape.su" written on her upper thigh, and another image is a closeup shot of a minor female's genitals. Nathan Larson, the main administrator of the website, responded to the images: "The female body is so beautiful @ [*Minor Victim 2*] … How old is she @JustJ?" The defendant replied: "12."

   iii.   **Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2).**

On or about September 12, 2020, the defendant created a posting in the "Confirmations" section of the website titled "[*Minor Victim 3's username*]." In the body of the thread, the defendant posted eight images of Minor Victim 3, an identified 15-year-old,

several of which depict a lascivious exhibition of the child's genitals.   For example, in two of the images, Minor Victim 3's legs are spread apart, graphically exhibiting the victim's vagina. In both of those images, "Rapey.su" is written on Minor Victim 3's thigh. The defendant then posted: "All of the unmarked ones were just for fun [*emojis*]." On or about September 17, 2020, Nathan Larson added two additional nude images of Minor Victim 3 to this thread.

6.     As a result of the defendant's conduct, as well as the conduct of other individuals, dozens of minors were victimized on the Rapey website. Additionally, multiple minors were victims of the conduct the defendant personally engaged in, as described above.

7.     At all times while the defendant participated in the child exploitation enterprise, Nathan Larson—the main administrator of the website and fellow participant in the enterprise— was running the website and participating in the enterprise from his residence located in Catlett, Virginia, within the Eastern District of Virginia.   Furthermore, Larson was periodically backing up all the contents of the website onto a server located within the Eastern District of Virginia.

8.     This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States.   It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

9.      The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date:   January 2, 2023                 By:   _____ /s _____

Whitney Kramer
Special Assistant United States Attorney (LT)
Seth Schlessinger
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Jacob Royce Mullins, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Jacob Royce Mullins                          1/3/2023

I am Yancey Ellis, defendant's attorney.   I have carefully reviewed the above Statement of Facts with him.   To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Yancey Ellis, Esq.
Attorney for Jacob Royce Mullins          1/3/2023