FILED
IN OPEN COURT

JAN - 3 2023

U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATTHEW MARTIN,<br><br>Defendant. | Case No. 1:22-cr-120-LMB (5) |

## STATEMENT OF FACTS

The United States and the defendant, Matthew Martin (hereinafter, "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. From at least in or about September 2020 through at least in or about December 2020, in the Eastern District of Virginia and elsewhere, the defendant did knowingly engage in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g); that is, the defendant engaged in a series of three or more of the felony child exploitation offenses enumerated in 18 U.S.C. § 2252A(g)(2), the offenses involved more than one minor victim, and the defendant committed those offenses in concert with three or more other individuals.

2. During the above-mentioned time period, the defendant was a member of the website Rapey, which was available at the URL "rapey.su" (among others). Rapey was a website dedicated to, among other things, the sexual exploitation of children. The Rapey website contained forums, postings, and conversations dedicated to facilitating an array of child exploitation offenses, including the production, distribution, and receipt of child sexual abuse material, as well as the enticement of minors to engage in unlawful sexual activity. At least dozens of users, including the defendant, participated together in forums and other conversations on Rapey

1

where minors were encouraged to produce and share sexually explicit images. A major purpose of the Rapey website was to generate, share, and make available child sexual abuse material to the website's vast number of users. The defendant participated with more than three other adult users, including but not limited to the ones referenced herein, to facilitate these child exploitation offenses for the shared benefit of all the site's users.

3. Additionally, website users had the ability to earn "badges" such as "child molester," "aspiring pedodad," "confirmed rapist," "serial killer," or "administrator," among others. Users typically earned these badges by undertaking a particular activity on the site—for example, the "child molester" badge was often given as the result of users sharing sexually explicit images or videos of children—though some badges, such as "confirmed rapist" (for male users) or "femoid" (for female users) were acquired based solely on user traits, such as gender.

4. Another feature of the Rapey website was its "confirmation" process, whereby users—particularly female users, including minor females—had to submit a photo to one of the website's administrators with the website's name written on her body. Although the requirements for these confirmation photos varied amongst the different administrators or confirmers and did not always require the aspiring member to be engaged in sexually explicit conduct, the options for confirmation included nude or sexually explicit photos and this conduct was frequently encouraged.

5. The defendant owned and operated the account with username "AgentNippy" on Rapey. In this capacity, the defendant's personal involvement in the child exploitation enterprise included, but was not limited to, the commission of the following acts:

2

### i. Distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2).

On or about October 9, 2020, the defendant engaged in a messaging conversation on Rapey with Nathan Larson, the website's administrator. In the course of the online conversation, the defendant posted multiple images and videos of child sexual abuse material, in an apparent attempt to satisfy Larson. These images and videos included (among others) visual depictions of a minor performing oral sex on a male individual, a minor female being vaginally penetrated by a penis, a minor female with her legs spread open inserting an object into her vagina, and a nude minor female standing with one leg up on a counter and inserting her fingers into her vagina. Eventually Larson expressed his satisfaction with the material posted by the defendant, and after the two discussed another CSAM video with which both were familiar, the defendant posted a clip of that video.

### ii. Distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2).

On or about October 9, 2020, the defendant engaged in another messaging conversation with a different Rapey user. In the course of this online conversation, the defendant posted a video depicting a prepubescent minor being vaginally penetrated, as well as what appears to be another image or video depicting a minor engaged in sexually explicit conduct that failed to fully render. The defendant wrote: "There those should get you in no problem. Not sure why I was having such an issue lol.." From the context of the ensuing conversation, it appears that the defendant is distributing these images to User 1 so that User 1 can use them to obtain status or badges on Rapey. After discussing User 1's technical difficulties accessing the image and video, the defendant responded: "Hang on I have to watch a few and figure out if I think he'll pass them lol. I just had to send 7 videos and I still don't know if they're good enough." The defendant was referring to Larson, and whether Larson would accept these videos and provide User 1 with a

3

badge or access to a particular group. The defendant then posted three additional videos depicting prepubescent minors engaged in sexually explicit conduct and wrote: "Okay I hope these will do and I hope you can watch them. Sorry about that." User 1 thanked the defendant and indicated that User 1 would attempt to send the videos to Larson. The defendant responded: "He made me send him a video of a girl getting facefucked but she was iconic to the cp world so thats kinda why I got in. He might let you in off that because you're a girl idk lol... FYI I would ask him how to get into the basement group. He gave me the child molester badge so idk if you need to do the same thing to get in. He mightve [sic] just been referring to guys for all I know."

      iii.    **Distribution of child pornography, in violation of 18 U.S.C. 2252(a)(2).**

On or about October 10, 2020, another Rapey user started a messaging conversation on Rapey with the defendant titled "Help Me" and wrote: "You said you can help me with my horniness?" The next day, the defendant responded: "Oh of course, what kind of guy would I be if I said no? [*winking face*]" and then said: "Also very sorry I didn't get back to you sooner... Hope I can still help." The other user replied, "Well I see you got the child molester badge" and then asked "Wanna show me how you got it?" The defendant responded "Mmmm Are you sure you'd be ready for that? It was a pretty easy badge to get though.. :)" The other user replied: "I really want to see some little girls getting railed, but I'm so horny at this point I'll take anything" and then "I desperately [sic] want to see a little girl crying on a man's cock" and added "and in exchange I'll send a vid of me playing with myself[.]" The defendant responded: "That is a very fair trade if I do say so myself. Give me a few, I got you. :)" The defendant then posted seven videos to the online conversation depicting minors engaged in sexually explicit conduct, including multiple depicting vaginal penetration of prepubescent minors.

4

6. As a result of the defendant's conduct, as well as the conduct of other individuals, dozens of minors were victimized on the Rapey website. Additionally, multiple different minor victims were depicted in the sexually explicit images and videos that the defendant distributed on the site, as described above.

7. At all times while the defendant participated in the child exploitation enterprise, Nathan Larson—the main administrator of the website and fellow participant in the enterprise—was running the website and participating in the enterprise from his residence located in Catlett, Virginia, within the Eastern District of Virginia. Furthermore, Larson was periodically backing up all the contents of the website onto a server located within the Eastern District of Virginia.

8. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

9. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: December 14, 2022        By: _____
                                    Whitney Kramer
                                    Special Assistant United States Attorney (LT)
                                    Seth Schlessinger
                                    Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Matthew Martin, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

*Matt Martin*     12/24/22
Matthew Martin

I am Drewry Hutcheson, defendant's attorney.   I have carefully reviewed the above Statement of Facts with him.   To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

*Drewry B. Hutcheson Jr.*
Drewry Hutcheson, Esq.
Attorney for Matthew Martin