FILED
IN OPEN COURT

JAN - 5 2023

CLERK, U.S DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KYLE WILLIAM LEISHEAR,<br><br>Defendant. | Case No. 1:22-cr-120-LMB (3) |

## STATEMENT OF FACTS

The United States and the defendant, Kyle William Leishear (hereinafter, "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. From at least in or about September 2020 through at least in or about December 2020, in the Eastern District of Virginia and elsewhere, the defendant did knowingly engage in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g); that is, the defendant engaged in a series of three or more of the felony child exploitation offenses enumerated in 18 U.S.C. § 2252A(g)(2), the offenses involved more than one minor victim, and the defendant committed those offenses in concert with three or more other individuals.

2. During the above-mentioned time period, the defendant was a member of the website Rapey, which was available at the URL "rapey.su" (among others), and accessed by users from various parts of the United States and multiple foreign countries. Rapey was a website dedicated to, among other things, the sexual exploitation of children. The Rapey website contained forums, postings, and conversations dedicated to facilitating an array of child exploitation offenses, including the production, distribution, and receipt of child sexual abuse material, as well as the enticement of minors to engage in unlawful sexual activity. At least dozens

1

of users, including the defendant, participated together in forums and other conversations on Rapey where minors were encouraged to produce and share sexually explicit images. A major purpose of the Rapey website was to generate, share, and make available child sexual abuse material to the website's vast number of users. The defendant participated with more than three other adult users, including but not limited to the ones referenced herein, to facilitate these child exploitation offenses for the shared benefit of all the site's users.

3. Additionally, website users had the ability to earn "badges" such as "child molester," "aspiring pedodad," "confirmed rapist," "serial killer," or "administrator," among others. Users typically earned these badges by undertaking a particular activity on the site—for example, the "child molester" badge was often given as the result of users sharing sexually explicit images or videos of children—though some badges, such as "confirmed rapist" (for male users) or "femoid" (for female users) were acquired based solely on user traits, such as gender.

4. Another feature of the Rapey website was its "confirmation" process, whereby users—particularly female users, including minor females—had to submit a photo to one of the website's administrators with the website's name written on her body. Although the requirements for these confirmation photos varied amongst the different administrators or confirmers and did not always require the aspiring member to be engaged in sexually explicit conduct, the options for confirmation included nude or sexually explicit photos and this conduct was frequently encouraged.

5. The defendant owned and operated the account with username "DirtMcGirt" on Rapey. In this capacity, the defendant's personal involvement in the child exploitation enterprise included, but was not limited to, the commission of the following acts:

i.   **Production of child pornography, in violation of 18 U.S.C. § 2251(a).**

On or about October 1, 2020, the defendant observed a conversation thread posted by a minor user of the Rapey website entitled "Tween pussy n asshole :3"  The first message, posted by a minor victim on September 25, 2020, included the words "I may do some stripping after I get some new clothes :3 I've shown most lewd spots I think –"  The message further included multiple images containing lascivious exhibitions of the minor's anus and genitalia.  The minor user of the website who posted this message is an identified child who was twelve years old at the time the message was posted.  In a subsequent message posted on or about September 27, 2020, the minor user of the website identified herself as being twelve years old.

Numerous adult users of the Rapey website, including the defendant, responded positively to the minor victim's post.  Specifically, the defendant enticed the minor victim to produce and distribute additional similar images, posting on or about October 1, 2020:  "My god girl, that is a beautiful sight.  I would bury my tongue in your ass and pussy as if life depened [sic] on it. DM me anytime. Please keep posting more of your dirty lil fuck holes."

ii.   **Production of child pornography, in violation of 18 U.S.C. § 2251(a).**

On or about December 11, 2020, the defendant produced several sexually explicit videos of a different minor victim (not the minor victim referenced in the preceding paragraph) whom the defendant had met on the Rapey website, and whom the defendant had encouraged over a period of time through messages sent via the Rapey website to engage in sexual activity with him, beginning in October 2020.  The defendant eventually successfully arranged to meet the minor victim in person in order to engage in sexual activity with her on multiple occasions.  One such occasion was in December 2020, in which the defendant engaged in sexual activity with the minor

victim and in the course of that activity produced several videos depicting himself engaged in sexual activity with the minor victim. The videos include depictions of the minor victim performing oral sex on the defendant and the defendant engaging in sexual intercourse with the minor victim. The defendant produced these videos using a Samsung Galaxy cell phone that had been manufactured using materials that had previously traveled in interstate or foreign commerce.

    iii. **Attempted distribution of child pornography, in violation of 18 U.S.C. 2252(a)(2).**

On or about October 11, 2020, the defendant engaged in a one-on-one message conversation over the Rapey website with another user entitled "Cutie Vids." In the course of the conversation, the other user expressed interest in receiving child pornography video from the defendant, and in response the defendant attempted at length to post a child pornography video to the thread so that the other user could receive it. While the other user expressed difficulty accessing the video that the defendant had posted, investigators' review of the Rapey website backup data revealed that the defendant had indeed transmitted a compilation video depicting numerous minors under the age of 12 performing oral sex on adult males to the conversation thread on the Rapey website. The defendant also posted a link to a file-sharing website in an apparent effort to permit the other user to download the child pornography video that the other user had encountered difficulty accessing in their conversation.

    6. As a result of the defendant's conduct, as well as the conduct of other individuals, dozens of minors were victimized on the Rapey website. Additionally, multiple different minor victims were depicted in the sexually explicit images and videos that the defendant distributed on the site, as described above.

7.  At all times while the defendant participated in the child exploitation enterprise, Nathan Larson—the main administrator of the website and fellow participant in the enterprise—was running the website and participating in the enterprise from his residence located in Catlett, Virginia, within the Eastern District of Virginia. Furthermore, Larson was periodically backing up all the contents of the website onto a server located within the Eastern District of Virginia.

8.  This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

9.  The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: January 3, 2023     By: _____
Whitney Kramer
Special Assistant United States Attorney (LT)
Seth Schlessinger
Assistant United States Attorney

5

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Kyle William Leishear, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____ 1/4/23
Kyle William Leishear

I am Harry Dennis III, defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Harry Dennis III, Esq.
Attorney for Kyle William Leishear

6