IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 1:22CR120 |
| ) | The Hon. Leonie M. Brinkema |
| CHRISTOPHER KUEHNER, ) | Trial Date: 1/23/23 @ 9:30 am |
| ) | |
| Defendant. ) | |

## DEFENDANT'S OBJECTION TO HIS BEING REQUIRED TO SUBMIT PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW PRIOR TO THE CLOSE OF EVIDENCE

COMES NOW, Defendant Christopher Kuehner, by and through counsel, and hereby makes his objection to the Court's order that he submit Proposed Findings of Fact and Conclusions of Law prior to the close of evidence.[1] In support of his objection, he hereby states as follows:

Mr. Kuehner carries no burden of proof or production and is not required to respond at all to the government's case, yet he nonetheless is cloaked by a presumption of innocence until the court begins deliberation. *See, e.g.,* O'Malley, Grenig, & Lee. *Federal Jury Practice and Instructions*, § 12:10 (6th Ed., 2020). This deliberation and ultimate verdict are to be based "solely on the evidence adduced at trial," *see Taylor v. Kentucky,* 436 U.S. 478, 485 (1978) *citing Estelle v. Williams*, 425 U.S. 501, 503 (1976), and subject to the government's burden to prove his guilt beyond a reasonable doubt. *See, In Re Winship*, 397 U.S. 358, 362 (1970); *Leland v.*

---

[1] Counsel extends an apology to the Court for not making this objection at the time of the Court's order for the pleading to be filed, which was rendered from the bench during the Pretrial Conference/Status Hearing on this the 19th day of January 2023. It was only after some reflection and focused consideration—away from the distraction of the logistical matters at issue, and especially those that were still to be resolved—that counsel realized that Mr. Kuehner must note the instant objection. As soon as practicable thereafter, counsel presented her position to the United States through her attorneys, soliciting her position and alerting her to this filing being forthcoming.

1

*Oregon,* 343 U.S. 790, 802-3 (1910); *Brinegar v. United States*, 338 U.S. 160, 174 (1949) ("(g)uilt in a criminal case must be proved beyond a reasonable doubt and by evidence confined to that which long experience in the common-law tradition, to some extent embodied in the Constitution, has crystallized into rules of evidence consistent with that standard.")

Mr. Kuehner's concern—given that the court, not a jury, will decide whether he is guilty or not guilty—is not that the court would not be able compartmentalize fact vs. argument, or to set aside that which is stated pretrial but does not wind up in the record. Rather, Mr. Kuehner's objection seeks to preserve the burden of proof and presumption of innocence that is his constitutional right. The requested pleading effectively asks Mr. Kuehner not only to "put on a case" he has no burden to make, but to do so prior to hearing the government's witnesses and prior to the court's rulings on proposed exhibits.[2] In other words, Mr. Kuehner has been asked to respond to a case against him that does not yet, and may not ever, exist, and to argue a defense that may not be relevant, or even necessary, come the close of evidence. It is in closing argument that the Defendant, should he choose to, would propose—by way of argument based on the evidence at trial—what findings of fact and conclusions of law should be made.

Although the civil rules of procedure do call for such pleadings in bench trials, *see* Fed. R. Civ. P. 52, there is no such provision in the criminal rules requiring defendants to forecast their defense,[3] with good reason. The burdens on the parties and constitutional implications are not the same in civil trials, including *habeas* petitions where there *is* a burden on the Petitioner, who has already exercised (or waived) his right to a criminal trial wherein he too faced the protections of the 5th and 6th Amendment of the United States Constitution.

---

[2] The government not only does bear the burden of proof but does not enjoy any of the applicable constitutional protections. As such, is Mr. Kuehner's understanding that the government will file a Proposed Findings of Fact and Conclusions of Law.

[3] In criminal cases, a *party* can ask the *court* to state its specific findings of fact on the record prior to making a finding of guilty or not guilty, either in open court or in a written opinion. *See* Fed. R. Crim. P. 23(c).

In addition, until and unless waived, Mr. Kuehner enjoys certain privileges surrounding his communications with counsel and attorney work-product. A preview of the potential defense would necessarily violate both—revealing the entirety of the defense strategy, to wit: what the defense believes the government's case will show (rather than what it actually *will* show), and how it will respond to *that* case, it's research, interpretation of the discovery, and even planned challenges to testimony and/or exhibits. This revelation—measured to the evidence before us—should take place at trial and no sooner; otherwise, the government could conceivably adjust its case based on the defense, basically reversing the constitutionally sound order of trial (i.e., the party who bears the burden goes first). More importantly, Mr. Kuehner's right to a competent defense and effective assistance of counsel would be undermined if not decimated. Were counsel to take it upon herself to reveal the defense to the government tomorrow, it would arguably be ineffective assistance of counsel; and it would undoubtedly prejudice his defense.

The government bears all the burden—and all the practical advantages—in a trial. The all-too fragile shield protecting a criminal defendant from unjust conviction is forged from the government's burden, the presumption of innocence, and effective assistance of counsel. The requested pleading strips Mr. Kuehner of this shield.

WHEREFORE, Defendant respectfully objects to filing a Proposed Findings of Fact and Conclusions of Law prior to the close of evidence.

    Respectfully Submitted,
    CHRISTOPHER KUEHNER
    Defendant

THE LAW OFFICE OF LANA MANITTA, PLLC

By:_____/s/_____.
Lana Manitta, VSB #42994
140B Purcellville Gateway Drive, #511
Purcellville, VA 20132
(703) 705-4428   FAX (703) 705-4429
lmanitta@manittalaw.com
Counsel for Christopher Kuehner

## CERTIFICATE OF ELECTRONIC FILING/SERVICE

      I HEREBY CERTIFY THAT on this the 19th day of January 2023, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

THE LAW OFFICE OF LANA MANITTA, PLLC

By:_____/s/_____.
Lana Manitta, VSB #42994
140B Purcellville Gateway Drive, #511
Purcellville, VA 20132
(703) 705-4428
FAX (703) 705-4429
lmanitta@manittalaw.com
Counsel for Christopher Kuehner