IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:22-CR-120-4 |
| v. | ) |
| | ) Trial: January 23, 2023 |
| CHRISTOPHER WILLIAM KUEHNER, | ) |
| a/k/a "nechris," | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

**GOVERNMENT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The United States of America, by and through undersigned counsel, hereby files these proposed findings of fact and conclusions of law, pursuant to the Court's Order in open court on January 19, 2023, and respectfully requests that following the trial the Court make the following factual findings and legal conclusions:

**FINDINGS OF FACT**

1. The Court finds that the testimony and evidence admitted at trial proves each of the following facts beyond a reasonable doubt:

2. From in and around September 2020 through in and around December 2020, defendant Christopher William Kuehner was a member of the website Rapey, which was available at the URL "rapey.su" (among others), and was accessed by users from various parts of the United States and multiple foreign countries. The Rapey website was created by co-defendant Nathan Larson, who administered the website at all times relevant to the indictment from his residence in the Eastern District of Virginia, and who further caused the website's contents to be periodically backed up to devices located at his residence that were subsequently recovered by law enforcement in December 2020.

3. Rapey was a website dedicated to, among other things, the sexual exploitation of children. The Rapey website contained forums, postings, and conversations dedicated to facilitating an array of child exploitation offenses, including the production, distribution, and receipt of child sexual abuse material, as well as the enticement of minors to engage in unlawful sexual activity. At least dozens of users, including the defendant, as well as his co-defendants Nathan Larson, Jacob Royce Mullins, Kyle William Leishear, and Matthew Martin, participated together in forums and other conversations on Rapey where minors were encouraged to produce and share sexually explicit images and videos. A major purpose of the Rapey website was to generate, share, and make available child sexual abuse material to the website's vast number of users. Another purpose was to promote the physical sexual abuse of children by adults and to encourage children to engage in sexual activity with adults. The defendant participated with more than three other adult users, including but not limited to the ones referenced herein, to facilitate these child exploitation offenses.

4. Additionally, website users had the ability to earn "badges" such as "child molester," "aspiring pedodad," "confirmed rapist," "serial killer," or "administrator," among others. Users typically earned these badges by undertaking a particular activity on the site—for example, the "child molester" badge was often given as the result of users sharing sexually explicit images or videos of children—though some badges, such as "rapist" (for male users) or "femoid" (for female users) were acquired based solely on user traits, such as gender.

5. Another feature of the Rapey website was its "confirmation" process, whereby users—particularly female users, including minor females—had to submit a photo to one of the website's administrators with the website's name written on her body. Although the requirements for these confirmation photos varied amongst the different administrators or confirmers and did

not always require the aspiring member to be engaged in sexually explicit conduct, the options for confirmation included nude or sexually explicit photos and this conduct was frequently encouraged.

6.   The defendant owned and operated the account with username "nechris" on Rapey, registering on or about September 27, 2020.  As "nechris," the defendant engaged in numerous communications with both other adult users of Rapey and with minors, in the course of which he and other adult users frequently encouraged minors to produce and send to them images and videos of themselves engaged in sexually explicit conduct.  The defendant's activity on Rapey included, among other activity, the following:

    a. On or about September 30, 2020, the defendant submitted, as "nechris," a photograph of himself including his face, with "Rapey.su" written on his arm.

    b. On or about September 30, 2020, the defendant made the following comment to a minor (MV1) in a conversation occurring on the Rapey website between MV1, the defendant and numerous other users:  "You have pretty brown eyes [MV1] and only like two pitures [*sic*].  enough to get hard over but, not enough to finish."  The defendant continued:  "you don't like to leave guys hanging do you?"  The conversation soon turned to the subject of masturbation.  When MV1 made reference to masturbation, the defendant encouraged MV1 to video record herself masturbating and send the video through the Rapey website by stating to her:  "video or it doesn't count".  GX 215 at 5-6.  In a previously-occurring direct conversation earlier on September 30, 2020, MV1 had accurately told the defendant that she was 14 years old.  GX 215A at 1.  The defendant knew that MV1, whose true age and date of birth were also displayed

in her user profile and accessible to the defendant, was 14 years old at this time. GX 218. In response, MV1 posted a video titled "Me;" depicting MV1 masturbating, and tagged the defendant. GX 216, 216A. The defendant responded: "amazing." On or about October 3, 2020, in a public chat room on the site, the defendant told another user: "I told [MV1] that many of us want to see more, she asked see more what, I said pussy, that's why she posted that video and tagged me." GX 217 at 2.

c. On or about September 30, 2020, in a direct conversation with MV7, the defendant encouraged MV7 to create sexually explicit videos of herself and send them to Rapey users. The defendant wrote: "Garuntee [sic] if you film any of your excepades [sic]… people will enjoy it". The defendant then asked "How old are you?" MV7 replied accurately: "i am 15". The defendant asked, in regard to MV7's boyfriend: "how old is he?" MV7 replied: "i am 15 he is 14". The defendant wrote: "Yeah, garuntee, film escepades and it will be top posts on here." MV7 wrote: "escepades? wm?" The defendant wrote: "Like if you blow him or something". GX 239 at 1. In addition, MV7's profile, which was accessible to the defendant, accurately described her at 15 years old. GX 242. The defendant knew that MV7 was a minor on September 30, 2020.

d. On or about September 30, 2020, in a conversation occurring on the website after the direct conversation described in the previous subparagraph and involving the defendant, MV7 and multiple other users of the Rapey website, the defendant tagged MV7 and wrote: "Awe sad, I was hoping a new video

4

[MV7]". The defendant continued: "I wanna hear her moan and cum". Another user responded to the defendant: "same here". MV7 wrote: "tomorrow ill probably upload another". The defendant responded: "But that's tomorrow. Future me sucks. Present me has a boner to take care of." MV7 wrote: "if you really lucky and im confident enough I might post a video of me masturbating and cumming". The defendant wrote: "Masturbating and cumming". The defendant continued: "I dunno why she wants to wait until tomorrow, she knows we all want it today". The defendant continued: "And she knows, we will absolutely enjoy it". GX 226 at 6.

e. On or about October 1, 2020, in a direct conversation with MV1, the defendant encouraged MV1 to produce a visual depiction of herself masturbating and send it to him. The defendant wrote: "My god. I need you to just molest yourself for me." The defendant continued: "Ravage yourself in everyway". Shortly later in the conversation, MV1 wrote: "ok im in, what should i do" and later advised that "ive gotta switch to my phone". The defendant shortly later wrote: "Graze your fingers to your pussy. Show me those lips. Caress them knowing I'll caress them some day." The defendant continued: "Show me your wetness for me." The defendant continued: "Rub that clit for me and cum for me. You already know I'll make you cum quick. I want to see. Oh and I'd desperately want to hear. Though I know you'll have to try to be quiet." GX 215A at 22.

f. On or about October 2, 2020, in a conversation with another minor (MV4) and numerous other users, the defendant wrote the following: "well, maybe [MV4]

5

will drunk-hate-fuck her snatch for us in a video real quick before she goes to school.  she loves to go down on that poor little thing." GX 228A at 5.  The defendant had previously viewed sexually explicit videos depicting MV4 (GX 228D, GX 228E), and MV4's profile described herself as a "tween." GX 228B.  It is readily apparent from videos and images of MV4 that MV4 was under 18 in October 2020.  The defendant knew that MV4 was a minor on October 2, 2020.

g. On or about October 2, 2020, in a conversation involving another minor (MV5), the defendant, and numerous other users, including co-defendant Nathan Larson, Larson wrote:  "then the one [MV5] is going to do where she fucks her face with a dildo".  The defendant responded to this comment by quoting it and tagging MV5 in the following statement: "[MV5] Let's see this now."  GX 219 at 1-2.  MV5 accurately described her age as 14 years old in her user profile, which was accessible to the defendant.  GX 219A.  The defendant knew that MV5 was a minor on October 2, 2020.

h. On or about October 3, 2020, in a conversation involving another minor (MV6), the defendant, and multiple other users, the defendant encouraged MV6 to take a close-up photograph of her genitals when he wrote:  "yea… keep camera at about… 1 foot away".  When MV6 made a reference to inserting a brush in her anus, the defendant wrote:  "Film it"  The defendant then wrote: "I wanna watch".   The defendant shortly later continued:  "I've explained this many times.  I'm just a dirty old pervert."  GX 234 at 1.  The defendant further commented: "Also… play with yourself a little to get turned on, then try – with

6

lube." MV6 posted a video of herself with a brush inserted into her anus on the Rapey website. GX 235. Later in the conversation, the defendant tagged MV6 in a complaint in which he wrote: "[MV6] your video is audio only for me". GX 234 at 4. MV6 accurately described herself as 15 years old in her user profile. GX 237. The defendant knew that MV6 was a minor on October 3, 2020.

i. On or about November 2, 2020, in a conversation involving another minor (MV3), the defendant, and numerous other users (including co-defendant Kyle Leishear), the defendant wrote: "Uh, just a reminder, [MV3] said she'd make a pee video, just remind her on her post in the gallery". When MV3 indicated she did not want to make such a video, the defendant wrote: "Look, [MV3], you implied you were going to make a pee video in the comments." The defendant continued: "So…dunno what to tell ya". MV3 wrote shortly later: "No pee video be quiet chris". The defendant responded: ":(". GX 225A at 1-3. On or about November 2, 2020, the defendant commented on a previously-posted nude image of MV3, stating: "Just bringin this back to the front of the forum and reminding everyone that she implied she'd do a peeing video for us. It's about due." MV3 responded to his post with an "ngry face emoji, to which the defendant replied: "See? Front of the gallery. -and- everyone is gonna start commenting now on it." MV3's user profile accurately described herself as 17 years old at that time. GX 225. The defendant knew that MV3 was a minor on November 2, 2020.

7

7.      The defendant also created a "server" on Discord, an online communications platform permitting users to engage in text and voice chat, message each other, and share images and videos, among other activity.   The defendant arranged for several users of Rapey, both adults (including co-defendants Matthew Martin and Kyle Leishear) and minors, to join the Discord server.  Over the Discord server, and further through video and telephone calls often proposed and arranged using the Discord server, the defendant and other adults frequently encouraged the minors to produce and send to them images and videos of the minors engaged in sexually explicit conduct.

8.      On or about December 1, 2021, a search warrant was executed at the defendant's apartment in Bremerton, Washington.   The defendant was present, executed a written waiver of his *Miranda* rights, and participated in an audio-recorded interview.  During the interview, the defendant admitted that he was "nechris" on the Rapey website; that he had briefly served as an administrator of the website; that he had encountered child sexual abuse material on the website; and that the website's users included "seriously young girls," among other statements.   GX 701 – 710A.

9.      Several electronic devices were also recovered from the defendant's apartment, including a desktop computer and a cell phone whose digital contents were subjected to forensic analysis.  The hard drive recovered from the desktop computer contained numerous forensic artifacts establishing that the defendant had possessed and viewed sexually explicit images of various users of Rapey, including MV3 and others.   These forensic artifacts included, among others, .LNK (shortcut) files, lists of recently played files in media software, shellbags (files containing stored folder settings), and evidence of Windows Prefetch files associated with the Microsoft Photos application.   GX 301 – 309.   Further forensic artifacts established the

8

defendant's ownership and use of that hard drive, such as browser form entry history which revealed numerous email addresses associated with the defendant and variations on the alias "nechris." GX 310. Forensic analysis of the defendant's cell phone revealed text messages in which the defendant made reference to multiple other users of the Rapey website and the defendant's Discord server, including multiple minors and co-defendant Matthew Martin. GX 312.

## CONCLUSIONS OF LAW

10. To prove the defendant guilty of the offense alleged in the indictment, engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g), the government must prove each of the following elements beyond a reasonable doubt: (1) that the defendant violated chapter 110 or chapter 117 of Title 18 of the United Code as part of a series of felony violations constituting three or more separate incidents; (2) that the incidents involved more than one minor victim; and (3) that the defendant committed those offenses in concert with three or more other persons.

11. The Court finds that the evidence introduced at trial proves each of those elements well beyond a reasonable doubt.

12. Production and attempted production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e), are both felony violations of chapter 110 of the United States Code. Enticement and attempted enticement of a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b), are both felony violations of chapter 117 of the United States Code.

13. The evidence proved beyond a reasonable doubt that the defendant committed numerous such felony violations as part of a series of felony violations constituting three or more

separate incidents. The series of felony violations committed by the defendant personally, each constituting a separate incident, included, but was not limited to, the following:[1]

    a. Production/attempted production of child pornography involving MV1 on or about September 30, 2020. GX 215 at 6.

    b. Production/attempted production of child pornography involving MV7 on or about September 30, 2020. GX 239 at 1.

    c. Production/attempted production of child pornography involving MV7 on or about September 30, 2020. GX 226 at 6.

    d. Production/attempted production of child pornography involving MV1 on or about October 1, 2020. GX 215A at 19, 22.

    e. Production/attempted production of child pornography involving MV4 on or about October 2, 2020. GX 228A at 5.

    f. Production/attempted production of child pornography involving MV5 on or about October 2, 2020. GX 219 at 2.

    g. Production/attempted production of child pornography involving MV6 on or about October 3, 2020. GX 234 at 1, 4.

    h. Production/attempted production of child pornography involving MV3 on or about November 2, 2020. GX 225A at 1-3.

    14. The evidence proved beyond a reasonable doubt that the incidents involved more than one minor victim. As noted above, the series of felony violations committed by the

---

[1] Each of the instances of production/attempted production of child pornography identified herein alternatively constitutes an instance of enticement/attempted enticement of a minor to engage in unlawful sexual conduct. See 18 U.S.C. §§ 2422(b), 2427 (providing that "[i]n this chapter, the term 'sexual activity for which any person can be charged with a criminal offense' includes the production of child pornography, as defined in section 2256(8)").

defendant alone (even without reference to felony violations committed by fellow participants in the enterprise) involved at least six minor victims.

15. The evidence proved beyond a reasonable doubt that the defendant committed the series of felony violations in concert with three or more other persons. As noted above, the defendant committed the series of felony violations as a member of the Rapey website, which had numerous members seeking to commit and committing similar child exploitation violations, and whose members (including the defendant) frequently discussed, encouraged and facilitated those violations by each other. The record is replete with evidence demonstrating the defendant's coordination of his conduct with other members of Rapey including, among other evidence, GX 217 (defendant discussing his communications with MV1 with two other members); GX 219 (quoting and responding to co-defendant Nathan Larson in encouraging MV5 to create and share video of MV5 engaging in sexually explicit conduct); GX 219E (defendant inquiring of Larson whether a position as administrator of website is available); GX 219F (defendant advising another user to "[c]heck out . . . pics" of MV5); GX 225A at 1 (defendant encouraging other Rapey users to "remind" MV3 to create a video of herself urinating); GX 226 at 1 (defendant observing "I think we can all agree" that another Rapey user "might as well put on a show"), 2 (observing to same user "Democracy . . . the votes are in, lets see that show"); GX 228 at 3 (defendant encouraging MV4 to produce a sexually explicit video of herself because "[w]e all look forward to it"); GX 228A at 5 (defendant encouraging MV4 to produce sexually explicit video depicting her "for us"); and GX 226 at 6 (defendant suggesting MV7 "knows we all want it today," referring to a sexually explicit video depicting MV7).

16. Venue for this prosecution is proper in the Eastern District of Virginia, since the administrator of the Rapey website, co-defendant Nathan Larson, operated the website from the

11

Eastern District of Virginia and caused the website's contents to be backed up to electronic devices located in the Eastern District of Virginia during the time period of the charged conduct.

17. Considering both the foregoing findings of fact, as well as all of the other testimony and evidence presented at trial, the defendant has amply been proved guilty of the offense of engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g), as charged in the indictment.

18. Accordingly, it is hereby **ORDERED** that the defendant is hereby **ADJUDGED GUILTY** of the offense of engaging in a child exploitation enterprise, in violation of 18 U.S.C § 2252A(g), as charged in the indictment. The Court will set a date for sentencing by separate Order.

_____

Accordingly, the government respectfully requests that at the conclusion of trial, the Court enter an Order making the above-described factual findings and legal conclusions.

Respectfully submitted,

Jessica D. Aber
United States Attorney

　　　　/s/
Seth M. Schlessinger
Assistant United States Attorney
Whitney Kramer
Special Assistant United States Attorney (LT)
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2023, I filed the foregoing document with the Clerk of Court, and caused a copy to be served upon all counsel of record, via e-mail.

By:    /s/
Seth M. Schlessinger
Assistant United States Attorney
Whitney Kramer
Special Assistant United States Attorney (LT)
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700