IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Case No. 1:22CR120 |
| CHRISTOPHER KUEHNER, | ) The Hon. Leonie M. Brinkema |
| Defendant. | ) |

**DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH INCORPORATED OBJECTION**

COMES NOW, Defendant Christopher Kuehner, by and through counsel, and hereby states the following with respect to his Proposed Findings of Fact and Conclusions of Law:

**OBJECTION**

Defendant hereby incorporates by reference the grounds for his objection to filing a proposed findings of fact and conclusions of law (Dkt. 108) prior to the close of evidence and re-asserts them in support of his objection to filing the instant pleading publicly (as opposed to *ex parte* and under seal), because he is still subject to no burden to make any type of argument-- even in closing the sole burden of proof remains with the government. The government enjoys the benefit (due to its exclusive burden of proof) of making a rebuttal to Defendant's closing. Therefore, presenting the Defendant's argument out of order gives the government an additional advantage for which neither the Federal Rules of Criminal Procedure, or the 5th and 6th Amendments to the U.S. Constitution, provide.

Without waiving, and notwithstanding this objection, Defendant hereby proposes that the Court make the following findings of fact and conclusions of law, and hereby reserves the right to articulate further and additional argument regarding inaccuracies or insufficient facts in the government's case and/or as to supporting authority during his oral closing argument, should he

choose to make one, in open court, in due course after the government's closing argument and subject to a rebuttal argument by the government.

## PROPOSED FINDINGS OF FACT

1. At some point in time, no earlier than September 27, 2020, Defendant Kuehner registered as a user/member of the website, rapey.su.

2. At the time of his registration, Defendant Kuehner provided accurate identifying information for his user profile.

3. The government's case has not established the "screening questions" to which username Nechris responded upon registration, let alone those to which Defendant Christopher Kuehner was privy provided a response.

4. The government's case has not established the duration of username Nechris' involvement with rapey.su, let alone beyond a reasonable doubt.

5. The government's case has not established the duration of Defendant Kuehner's involvement with rapey.su, let alone beyond a reasonable doubt.

6. The government's case has not established that IP addressed associated with username Nechris on the rapey.su website were associated with Defendant Christopher Kuehner, let alone beyond a reasonable doubt.

7. IP Address data produced by the government established that some IP addresses associated with username Necrhis were serviced by third party "leaseweb" providers, which were not only not linked to devices belonging to Defendant Christopher Kuehner, but which were not geographically associated with Christopher Kuehner.

8. The rapey.su website was shut down, by government seizure, on or about December 10, 2020.

9. On or about December 10, 2020, backup copies of the rapey.su server were found at

the residence of Nathan Larson in Catlett, Virginia, which is in the Eastern District of Virginia.

10. Nathan Larson set up and administered the rapey.su website from his residence in Catlett, Virginia.

11. Nathan Larson did not testify at trial. Although upon information and belief he is deceased and died in federal custody, the government's case did not establish as much at trial.

12. The server on which rapey.su existed was located overseas.

13. The backup copies of the rapey.su website seized by law enforcement and from which exhibits were produced may not contain all relevant website data, for the following reasons:

   a) Any data from between the time of the latest backup and the time of seizure was not captured, and the government has offered no evidence as to the duration of that period on December 10, 2020;

   b) Administrators could delete log entries including changes to user profiles.

   c) Any changes made by Larson—or any administrator—prior to backup, including deletions from "change logs" would not have been captured.

14. Login to rapey.su required entry of username and password.

15. Administrators of the rapey.su website had the capacity to change user passwords.

16. Post-seizer, law enforcement changed user passwords for purposes of reviewing the website.

17. Government expert witnesses could not confirm that an administrator including but not limited to Larson couldn't figure out a user's password by cutting and pasting into another program.

18. The government's case did not establish that administrators—including but not limited to Larson—weren't given user passwords by permission (i.e., by asking a user), but it *was* proved that they could change user passwords and log in as user using that password.

19. Larson specifically set up the site so that two-factor authentication, which would

protect user accounts from unauthorized access but more specifically require access to be linked to a personal device or authenticator app, was not required.

20. Only administrators of the rapey.su site could access the logs that would potentially, if not manipulated by deletion of entries, reveal changes to a user's profile, including but not limited to passwords and biographical data.

21. The government's case did not establish that anyone, but most especially anyone using username Nechris let alone Defendant Christopher Kuehner viewed any type of activity log by which one could determine his actual use of the rapey.su site.

22. The username Leucosticte associated with Larson gave and rescinded administrator privileges to username Nechris twice—once spanning one day, once spanning three days.

23. The government's case has not established that username Nechris, let alone Defendant Kuehner even engaged in any discussion with Larson about username Nechris' receipt or loss of administrator privileges.

24. Defendant Kuehner's statement to law enforcement acknowledges that his username was given and denied administrator privileges "on a whim."

25. The government's case established no actual use by username Nechris, let alone Defendant Christopher Kuehner, of the so-called administrator privileges.

26. During a time period in which username Nechris did not have administrator privileges, changes were made to his user profile.

27. These changes included but were not limited to a change of username Nechris' physical description from what would be an accurate physical description of Defendant, submitted on 9/27/20, to one that stated he was White instead of Asian, two inches shorter, with a different eye color.

28. No evidence offered by the government reveals efforts by Defendant Christopher Kuehner to shield his identity during interactions with other users of the rapey.su site.

29. Rapey.su allowed users to interact in various ways, or not at all, through private or group messaging and by posting media to public forums or sending media to individuals privately.

30. On or about December 1, 2021, ten (10) electronic devices were seized from the residence of Defendant Christopher Kuehner.

31. No sexually explicit material depicting minors was found on any device found in the possession of Defendant Kuehner.

32. Forensic data from the devices seized from Defendant Christopher Kuehner reveals no evidence of logins to rapey.su, let alone of the acts alleged to comprise the predicate offenses.

## PROPOSED CONCLUSIONS OF LAW

1. The government's evidence does not prove beyond a reasonable doubt that Defendant Kuehner violated 18 U.S.C. § 2422(b) and/or

2. The government's evidence does not prove beyond a reasonable doubt that Defendant Kuehner violated 18 U.S.C. § (a) and/or (b) and/or

3. The government's evidence has not proved beyond a reasonable doubt that Defendant Christopher Kuehner is guilty of violating 18 U.S.C. 2252A(g) because the evidence has not proved that he committed, in at least three separate incidents, violations of the statutes cited in (1) or (2) above, in concert with at least three other persons, resulting in at least two minor victims.

WHEREFORE, based on the foregoing as well as closing argument for which Defendant reserves all rights to present, the Defendant, Christopher Kuehner must be found not guilty of the charge as set forth in the Indictment.

Respectfully Submitted,

CHRISTOPHER KUEHNER
Defendant

THE LAW OFFICE OF LANA MANITTA, PLLC

By:_____/s/_____.
Lana Manitta, VSB #42994
140B Purcellville Gateway Drive, #511
Purcellville, VA 20132
(703) 705-4428   FAX (703) 705-4429
lmanitta@manittalaw.com
Counsel for Christopher Kuehner

## CERTIFICATE OF ELECTRONIC FILING/SERVICE

I HEREBY CERTIFY THAT on this the 24th day of January 2023, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

THE LAW OFFICE OF LANA MANITTA, PLLC

By:_____/s/_____.
Lana Manitta, VSB #42994
140B Purcellville Gateway Drive, #511
Purcellville, VA 20132
(703) 705-4428
FAX (703) 705-4429
lmanitta@manittalaw.com
Counsel for Christopher Kuehner