IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:22-CR-120 |
| v. ) | |
| ) | The Honorable Leonie M. Brinkema |
| JACOB ROYCE MULLINS, ) | |
| ) | Sentencing: April 25, 2023 |
| *Defendant.* ) | |
| ) | |
| ) | |
| _____ ) | |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The defendant, Jacob Royce Mullins, comes before the Court for sentencing after pleading guilty to one count of engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g). The advisory Sentencing Guidelines range applicable to the defendant is 240-293 months imprisonment, and the statute carries a 20-year mandatory minimum term of imprisonment. The United States respectfully recommends that the Court impose a substantial, reasonable sentence deemed appropriate by the Court in its discretion. The United States also respectfully requests that the Court impose a substantial term of supervised release, full restitution as required by statute, forfeiture of electronic devices used in the commission of the offenses, and a $100 special assessment pursuant to 18 U.S.C § 3013.

**I.      Background**

In the fall of 2020, the defendant was a prominent member of the Rapey website, operating under the username "NotJ" and "JustJ." *See* Presentence Investigation Report ("PSR") at ¶¶ 24, 25, 28. Rapey was dedicated to, among other things, the sexual exploitation of children. *Id.* at ¶ 24. The Rapey website contained forums, postings, and conversations dedicated to facilitating an

array of child exploitation offenses, including the production, distribution, and receipt of child sexual abuse material, as well as the enticement of minors to engage in unlawful sexual activity. *Id.* Users, such as the defendant, participated together in forums and other conversations on Rapey where minors were encouraged to produce and share sexually explicit images. *Id.* To date, law enforcement has identified approximately fifty victims who were members of—and who were exploited on—the Rapey website. *Id.* at ¶ 21. Moreover, *dozens* of additional minors were victimized by the defendant and others when images and videos of their sexual abuse were shared amongst the members of the site.

In his capacity as a prominent member on the Rapey website, the defendant enticed another Rapey member to produce sexually explicit images of a prepubescent minor and engaged in graphic discussions detailing the sexual abuse the defendant wished to inflict upon the victim. *Id.* at ¶ 28. After the other user provided sexually explicit images of the minor victim, the defendant responded, "Omg [face emoji with hearts]…so fuckable…more [face emoji]." *Id.* Additionally, the defendant repeatedly distributed child sexual abuse material of minor users of the Rapey website, creating postings of them within the "confirmations" section of the site. *Id.* One of the minors depicted in the images that the defendant posted to the confirmations page was only 12 years old at the time, a fact which the defendant posted in response to an inquiry from the website's main administrator. *Id.*

On July 14, 2022, a federal grand jury returned a single-count indictment charging the defendant, as well as four co-defendants, with engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g). *Id.* at ¶ 1. On July 19, 2022, the defendant was arrested in Ohio, and was subsequently transported to the Eastern District of Virginia. *Id.* On January 3,

2023, the defendant pleaded guilty, pursuant to a plea agreement, to engaging in a child exploitation enterprise. *Id.* at ¶ 2.

## II.     Guidelines Calculations

As the Court is aware, although the Sentencing Guidelines are advisory, sentencing courts "must consult those Guidelines and take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 261 (2005).  Thus, at sentencing, a court "must first calculate the Guidelines range" applicable to the defendant.  *Nelson v. United States*, 555 U.S. 350, 351 (2009); s*ee also Gall v. United States*, 552 U.S. 38, 49-50 (2007).  Here, the PSR calculated the total offense level for the defendant under the Guidelines as follows:

**COUNT ONE – Engaging in a Child Exploitation Enterprise**

| **Guideline** | |
|---|---|
| Base offense level (U.S.S.G. § 2G2.2(a)) | 35 |
| Offense involved a minor who had not attained the age of 12 (U.S.S.G. § 2G2.6(b)(1)(A)) | +4 |
| Offense involved the use of a computer or interactive service (U.S.S.G § 2G2.6(b)(3)) | +2 |
| **TOTAL OFFENSE LEVEL** | **41** |

PSR at ¶¶ 52-58.

The defendant has clearly demonstrated acceptance of responsibility for this offense, and therefore receives a two-point decrease in offense level under U.S.S.G. § 3E.1.1(a).  *Id* at ¶ 60. Because the defendant timely notified the government of his intention to enter a plea of guilty and because his offense level is greater than sixteen, the government hereby moves for an additional one-level decrease in the offense level pursuant to U.S.S.G. § 3E1.1(b) and the plea agreement. The defendant's criminal history score is zero, resulting in a Criminal History Category I.  *Id* at ¶ 65.  Based on a total offense level of 38 and Criminal History Category I, as well as the statutory

mandatory minimum applicable in this case, the defendant's Guidelines sentencing range is 240-293 months of incarceration. *Id* at Part D.

### III. Section 3553(a) Factors

After calculating the Guidelines range, a sentencing court must then consider that range, as well as the sentencing factors set forth in § 3553(a), and determine a sentence that is appropriate and reasonable for the individual defendant. *Nelson*, 555 U.S. at 351; *see also United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). With respect to § 3553(a)'s enumerated factors, of particular relevance here are the "nature and circumstances of the offense," "the history and characteristics of the defendant," and the need for the sentence "to reflect the seriousness of the offense," "to protect the public from further crimes of the defendant," and "to afford adequate deterrence to criminal conduct." 18 U.S.C. §§ 3553(a)(1), (a)(2). As explained below, consideration of these factors suggests that a substantial sentence is warranted.

> **A. The nature, circumstances, and seriousness of the defendant's offense, and the history and characteristics of the defendant.**

The defendant's conduct in this case was extremely egregious. As a prominent member and confirmer on the Rapey website, he not only posted sexually explicit images of minor victims to facilitate their "confirmation" on the site but also successfully encouraged another user to *produce* sexually explicit images of a prepubescent minor female. The minors whose images he shared in the confirmation forums—for all 8,000 members of the site to see—will have to live with the fear and perpetual victimization that results from this type of widespread distribution of their images. Moreover, his aggressive encouragement of another user to produce child sexual abuse material images with a prepubescent minor—repeatedly—is especially heinous. In considering the defendant's own characteristics, the government acknowledges that he was particularly young—18 years old—himself at the time that he engaged in this unlawful conduct.

4

Child sexual abuse material crimes are grievous offenses that warrant significant sanctions. *See United States v. Morace*, 594 F.3d 340, 350 (4th Cir. 2010) (citing a 2003 legislative enactment as "ample evidence of Congress's intent that offenses involving child pornography be treated severely" (internal quotations and citation omitted)). Such crimes inherently involve the sexual abuse of children, even if no new child pornography is produced. *See New York v. Ferber*, 458 U.S. 747, 759 (1982). Indeed, far from being victimless, trafficking in child pornography "harms children in part because it drives production [of child pornography], which involves child abuse." *Paroline v. United States*, 572 U.S. 434, 439 (2014). As the Fourth Circuit observed, "[i]t is well established that children featured in child pornography are harmed by the continuing dissemination and possession of that pornography. Such images are 'a permanent record of the children's participation and the harm to the child is exacerbated by their circulation.'" *United States v. Burgess*, 684 F.3d 445, 459 (4th Cir. 2012) (quoting *Ferber*, 458 U.S. at 759).

It is abundantly clear that, for these victims, the trauma and pain associated with the knowledge that offenders like the defendant are constantly viewing images and videos depicting their sexual abuse has devastating consequences. And while the defendant now admits to his conduct and accepts responsibility for his actions, the irreparable harm he has caused to the victims of his offense nevertheless warrants a substantial term of incarceration.

**B.     The need to protect the public and provide adequate deterrence.**

The defendant's pervasive participation on the Rapey website, encouraging the production of and distribution sexually abusive images of minor victims is extremely troubling and generates significant concerns about the danger he poses to the public. Moreover, his discussion of the graphic sexual abuse he wished to inflict on a prepubescent minor victim is *especially* disturbing and highlights the substantial risk he presents to children. Therefore, a substantial term of

5

incarceration is necessary to protect the public and deter the defendant from continuing down this path of illicit activity when he is released.

More broadly, a substantial sentence is warranted here to deter other offenders from engaging in similar behavior. Many offenders believe that they enjoy anonymity when they engage in this sort of conduct over the internet, particularly when congregating with other likeminded individuals and operating under pseudonyms. In this unprecedented climate of online engagement, children are more vulnerable now than they have ever been. Indeed, the National Center for Missing and Exploited Children (NCMEC) has seen a 97.5% increase in online enticement reports and a 28% increase in CyberTipline reports between January 1–December 31, 2020, as compared to the same time period in 2019.[1] The risk to children is inherently increased given the additional opportunities for children to be online, and, as NCMEC's reports demonstrate, offenders are keenly aware of this vulnerability and have been capitalizing on it from the start of the pandemic. Accordingly, the government respectfully requests that the Court impose a substantial sentence that both deters the defendant from continuing this conduct upon his release and sends a message to other offenders that seeking to exploit children and participating in a marketplace that thrives on the sexual abuse of children will not be tolerated.

## IV. Restitution

Pursuant to 18 U.S.C. §§ 2259 and 3663, as well as the plea agreement in this case, the defendant must pay restitution in the full amount of the victims' losses. *See* 18 U.S.C. § 2259(a), (b)(1) (requiring the Court to impose an order of restitution directing the defendant to pay a victim

---

[1] *See* NCMEC, COVID-19 and Missing & Exploited Children, https://www.missingkids.org/blog/2020/covid-19-and-missing-and-exploited-children (last accessed April 17, 2023).

"the full amount of the victim's losses.")[2] The defendant has agreed "that the victims of the conduct described in the charging instrument, statement of facts, or any related or similar conduct are victims within the meaning of 18 U.S.C. § 2259(c) and are entitled to restitution." ECF No. 79 ("Plea Agreement"). The statement of facts in this case includes the following language:

> As a result of the defendant's conduct, as well as the conduct of other individuals, dozens of minors were victimized on the Rapey website. Additionally, multiple different minor victims were depicted in the sexually explicit images and videos that the defendant distributed on the site, as described above.

*Id.* at ¶ 29. Moreover, as part of the plea agreement, the defendant has also agreed that the Court may defer the imposition of restitution under after sentencing and to waive the requirement under 18 U.S.C. § 3664(d)(5) that the Court determine a final restitution amount no later than ninety days after sentencing. ECF No. 79.

However, the government recognizes that the Court has directed the parties to resolve restitution at sentencing, if at all possible. To that end, the government has received, and submitted to defense counsel, restitution requests from seven minors depicted in identified "series" of child sexual abuse material that were located on the Rapey website, and two minor victim users of the website. Documentation in support of the majority of these requests can be found attached to the PSR, and the remaining documentation has been provided to defense counsel and probation today.

While these victims' images were not shared by the defendant, the government submits that having been convicted of engaging in a child exploitation enterprise whose plain purpose was

---

[2] 18 U.S.C. § 2259(b)(1) refers to a separate rule, contained in § 2259(b)(2), for defendants convicted of "trafficking in child pornography." The defendant stands convicted of an offense categorized by § 2259(c) as "child pornography production," rather than "trafficking in child pornography," so § 2259(b)(2) is inapplicable. *See* 18 U.S.C. § 2259(c)(1) (defining "child pornography production" as "conduct proscribed by subsections (a) through (c) of 2251 . . . section 2252A(g) (in cases in which the series of felony violations involves at least 1 of the violations listed in this subsection) . . . .").

to generate and distribute such images, the defendant is properly liable for restitution to all victims of the enterprise, as their harm and losses were reasonably foreseeable to the defendant, and a natural and probable consequence of the enterprise in which they engaged. While the government has not found any case law addressing this in the enterprise context, liability for criminal acts in a conspiracy may be proven on a *Pinkerton* theory of liability. That is:

> [c]o-conspirators are liable for the reasonably foreseeable acts of another co-conspirator taken in the course of and in furtherance of the unlawful agreement, regardless of whether they had actual knowledge of those acts, so long as they played more than a minor role in the conspiracy or had actual knowledge of at least some of the circumstances and events culminating in the reasonably foreseeable event.

*United States v. Baker*, 432 F.3d 1189, 1235 (11th Cir. 2005); *see also United States v. Gillespie*, 27 F.4th 934, 941 (4th Cir. 2022) ("Under the *Pinkerton* doctrine, defendants are vicariously 'liable for substantive offenses committed by a co-conspirator when their commission is reasonably foreseeable and in furtherance of the conspiracy.'") (quoting *United States v. Hare*, 820 F.3d 93, 105 (4th Cir. 2016)); *see also United States v. Broadwell*, 870 F.2d 594, 603-04 (11th Cir. 1989); *United States v. Alvarez-Valenzuela*, 231 F.3d 1198, 1203 (9th Cir. 2000). The fact that liability for criminal acts, imposing criminal *penalties*, can be imposed under this theory supports the notion that restitution—a non-punitive measure designed to make victims whole—certainly can and should be as well.

A restitution order envisioning each of the enterprise's victims as a victim of each of the enterprise's members is also consistent with the plain language of the relevant statute. 18 U.S.C. § 2259(c)(4) defines "victim" as "the individual harmed as a result of the commission of a crime under this chapter." This plainly includes any minor, sexually explicit images of whom were produced, distributed, received, accessed, or possessed by any member of the enterprise. This is particularly so in light of the fact that the offense of which the defendant was convicted includes

as an element the requirement that the defendant have committed at least one enumerated predicate felony offense "in concert with three or more other persons," emphasizing the jointly-undertaken nature of the conduct, and naturally suggesting joint responsibility for its attendant harms. *See* 18 U.S.C. § 2252A(g).

## V.   Forfeiture

At sentencing, pursuant to the plea agreement and 18 U.S.C § 2253, the government will seek to forfeit the devices the defendant used in furtherance of the offense of conviction, or that contained depictions of minors engaged in sexually explicit conduct. The United States is awaiting confirmation from defendant's counsel as to whether the defendant will consent to the entry of such an order, and the parties will be prepared to address this at sentencing.

## VI.   Supervised Release

The Court must also determine the appropriate term of supervised release at sentencing. "Supervised release . . . is not a punishment in lieu of incarceration." *United States v. Granderson*, 511 U.S. 39, 50 (1994). Instead, it "fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). Under 18 U.S.C. § 3583(k), the authorized term of supervised release here is at least five years and up to life. This five-year mandatory minimum term reflects a heightened concern for recidivism among sex offenders and the need for supervision over time. *See* H.R. Rep. No. 107–527 at 2 (2002) ("[S]tudies have shown that sex offenders are four times more likely than other violent criminals to recommit their crimes [and that] . . . the recidivism rates do not appreciably decline as offenders age"); H.R. Conf. Rep. No. 108-66 at 49–50 (2003). Notably, the Guidelines recommend a lifetime term of supervised release for sex offenders, U.S.S.G. § 5D1.2(b) (Policy Statement), and the Fourth Circuit has observed that § 3583(k) and 5D1.2(b) jointly "reflect[] the judgment of Congress and the

Sentencing Commission that a lifetime term of supervised release is appropriate for sex offenders in order to protect the public." *United States v. Morace*, 594 F.3d 340, 351 (4th Cir. 2010) (quotation marks and citations omitted).  For the reasons above, the United States respectfully recommends that the Court impose a substantial term of supervised release with the conditions of supervision contemplated under 18 U.S.C. § 3583(d) and U.S.S.G. § 5D1.3(d)(7) for sex offenders required to register under the Sex Offender Registration and Notification Act.

## CONCLUSION

For the reasons above, the United States respectfully requests that the Court impose a substantial, reasonable sentence deemed appropriate by the Court in its discretion, a substantial term of supervised release, restitution and forfeiture as described above, and a $100 special assessment under § 3013.

Respectfully Submitted,

Jessica D. Aber
United States Attorney

By:     /s/
Whitney Kramer
Special Assistant United States Attorney (LT)
Seth Schlessinger
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3980
Email: Whitney.Kramer2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2023, I electronically filed the foregoing memorandum with the Clerk's Office using the CM/ECF system, which will automatically generate notification to all counsel of record.

Respectfully submitted,

/s/
Whitney Kramer
Special Assistant United States Attorney (LT)

11