IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>CHRISTOPHER WILLIAM KUEHNER, )<br>)<br>*Defendant.* )<br>)<br>)<br>) | Case No. 1:22-CR-120<br><br>The Honorable Leonie M. Brinkema<br><br>Sentencing: April 25, 2023 |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The defendant, Christopher William Kuehner, comes before the Court for sentencing after being convicted of one count of engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g). The advisory Sentencing Guidelines range applicable to the defendant is life imprisonment, and the statute carries a 20-year mandatory minimum term of imprisonment. The United States respectfully recommends that the Court impose a substantial, reasonable sentence deemed appropriate by the Court in its discretion. The United States also respectfully requests that the Court impose a substantial term of supervised release, full restitution as required by statute, forfeiture of electronic devices used in the commission of the offenses, and a $100 special assessment pursuant to 18 U.S.C § 3013.

**I.     Background**

In the fall of 2020, the defendant was a prominent member of the Rapey website, operating under the username "nechris." *See* Presentence Investigation Report ("PSR") at ¶¶ 20, 22. Rapey was dedicated to, among other things, the sexual exploitation of children. *Id.* at ¶ 16-17. The Rapey website contained forums, postings, and conversations dedicated to facilitating an array of

child exploitation offenses, including the production, distribution, and receipt of child sexual abuse material, as well as the enticement of minors to engage in unlawful sexual activity. *Id.* Users, such as the defendant, participated together in forums and other conversations on Rapey where minors were encouraged to produce and share sexually explicit images. *Id.* A prominent feature of the Rapey website was its "confirmation" process, whereby users—particularly female users, including minor females—had to submit a photo to one of the website's administrators with the website's name written on her body. *Id.* at ¶ 18-19.

To date, law enforcement has identified approximately fifty victims who were members of—and who were exploited on—the Rapey website. Moreover, *dozens* of additional minors were victimized by the defendant and others when images and videos of their sexual abuse were shared amongst the members of the site. In his capacity as a prominent member on the Rapey website, the defendant *repeatedly* induced minor victims to produce sexually explicit images of themselves and to send them to him or post them on the website.

On July 14, 2022, a federal grand jury returned a single-count indictment charging the defendant, as well as four co-defendants, with engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g). *Id.* at ¶ 1. The defendant was arrested in Washington state on September 20, 2022, and was subsequently released on conditions. *See* ECF No. 40. On January 23-24, 2023, the defendant appeared before this honorable Court for a bench trial. PSR at ¶ 2. On January 24, 2023, the Court found the defendant guilty of engaging in a child exploitation enterprise. *Id.*

**II.     Guidelines Calculations**

As the Court is aware, although the Sentencing Guidelines are advisory, sentencing courts "must consult those Guidelines and take them into account when sentencing." *United States v.*

*Booker*, 543 U.S. 220, 261 (2005). Thus, at sentencing, a court "must first calculate the Guidelines range" applicable to the defendant. *Nelson v. United States*, 555 U.S. 350, 351 (2009); s*ee also Gall v. United States*, 552 U.S. 38, 49-50 (2007). Here, the PSR calculated the total offense level for the defendant under the Guidelines as follows:

**COUNT ONE – Engaging in a Child Exploitation Enterprise**

| Guideline | |
|---|---|
| Base offense level (U.S.S.G. § 2G2.2(a)) | 35 |
| Offense involved a minor who had not attained the age of 12 (U.S.S.G. § 2G2.6(b)(1)(A)) | +4 |
| Offense involved the use of a computer or interactive service (U.S.S.G § 2G2.6(b)(3)) | +2 |
| Defendant engaged in a pattern of activity involving prohibited sexual conduct (U.S.S.G § 4B1.5(b)(1) | +5 |
| **TOTAL OFFENSE LEVEL** | **46** |

PSR at ¶¶ 75-82.

The PSR further explains that in those rare instances where the total offense level is calculated in excess of 43, the offense level will be treated as 43, pursuant to Chapter 5, Part A. *Id* at ¶ 84. The defendant's criminal history score is zero, resulting in a Criminal History Category I. *Id* at ¶ 87. Based on a total offense level of 43 and Criminal History Category I, the PSR calculates the defendant's guidelines range as life imprisonment. *Id* at Part D.

The defendant has objected to the application of the 5-point enhancement for engaging in a pattern of unlawful activity, pursuant to U.S.S.G. § 4B1.5(b)(1). PSR Addendum at p. 34. However, as set forth by probation in the addendum response, the enhancement clearly applies in this instance, as the Court: (1) found the defendant guilty of an offense constituting a "covered sex crime," and (2) found beyond a reasonable doubt at trial that the defendant had

3

engaged in prohibited sexual conduct with minor victims on more than the two separate occasions required for this enhancement to apply. *Id.*

III. **Section 3553(a) Factors**

After calculating the Guidelines range, a sentencing court must then consider that range, as well as the sentencing factors set forth in § 3553(a), and determine a sentence that is appropriate and reasonable for the individual defendant. *Nelson*, 555 U.S. at 351; *see also United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). With respect to § 3553(a)'s enumerated factors, of particular relevance here are the "nature and circumstances of the offense," and the need for the sentence "to reflect the seriousness of the offense," "to protect the public from further crimes of the defendant," and "to afford adequate deterrence to criminal conduct." 18 U.S.C. §§ 3553(a)(1), (a)(2). As explained below, consideration of these factors suggests that a substantial sentence is warranted.

A. **The nature, circumstances, and seriousness of the defendant's offense.**

The defendant's conduct in this case was extremely egregious. As a prominent member of the Rapey website, he repeatedly encouraged minor victims on the site to produce and share sexually explicit images and videos. The government's evidence at trial demonstrated that, upon joining the Rapey website, the defendant immediately induced a 14-year-old girl to produce a video of herself masturbating; attempted to persuade a 15-year-old girl to film herself and her boyfriend engaged in sexual activity; instructed another 15-year-old to film herself inserting a hairbrush into her anus; and harassed a 17-year-old to produce a video of herself peeing. He participated with others in numerous forums and messages to encourage the production, distribution, and receipt of sexually explicit images of minors.

4

These children were *deeply* struggling when they went onto the Rapey website—and the defendant knew that, and he exploited that. He capitalized on their vulnerability, their trust, and their desire for connection. As one victim explained:

> "I thought I was doing something good because I was getting praise and compliments from everyone on the site but I was also confused because I started to feel like they had stopped caring about me, only reaching out when they wanted me to post. This confused me because they said they were my friends and sometimes acted like it, making me feel crazy for accusing them of only asking for pictures. I began to feel like I owed them for making time to talk to someone like me so I continued to send them things I knew they enjoyed."
>
> -*Victim Impact Statement*

Because of the defendant's actions, multiple victims produced images and shared them to a site of 8,000 individuals—and are now forced to grapple with the pain and fear associated with the knowledge that these images may be circulated indefinitely. His extremely egregious conduct, and the trauma he has caused these victims to endure, warrants a substantial sentence.

**B.     The need to protect the public and provide adequate deterrence.**

The defendant's rampant participation on the Rapey website—repeatedly inducing minors to produce and share sexually explicit images—demonstrates a troubling pattern of exploiting children. His actions showed an utter lack of regard for their wellbeing, despite being keenly aware of their ages and their struggles. This conduct generates significant concerns about the danger he poses to the public, and a substantial term of incarceration is therefore necessary to protect the public and deter the defendant from continuing down this path of illicit activity when he is released. More broadly, a substantial sentence is warranted here to deter other offenders from engaging in similar behavior. Many offenders believe that they enjoy anonymity when they engage in this sort of conduct over the internet, particularly when congregating with other likeminded individuals and operating under pseudonyms. In this unprecedented climate of online engagement, children are more vulnerable now than they have ever been. Indeed, the National

5

Center for Missing and Exploited Children (NCMEC) has seen a 97.5% increase in online enticement reports and a 28% increase in CyberTipline reports between January 1–December 31, 2020, as compared to the same time period in 2019.[1] The risk to children is inherently increased given the additional opportunities for children to be online, and, as NCMEC's reports demonstrate, offenders are keenly aware of this vulnerability and have been capitalizing on it from the start of the pandemic. Accordingly, the government respectfully requests that the Court impose a substantial sentence that both deters the defendant from continuing this pattern of conduct upon his release and sends a message to other offenders that seeking to exploit children and participating in a marketplace that thrives on the sexual abuse of children will not be tolerated.

**IV.     Restitution**

Pursuant to 18 U.S.C. §§ 2259 and 3663, the defendant must pay restitution in the full amount of the victims' losses. *See* 18 U.S.C. § 2259(a), (b)(1) (requiring the Court to impose an order of restitution directing the defendant to pay a victim "the full amount of the victim's losses.")[2] The government has received, and provided to defense counsel, restitution requests from nine victims of the child exploitation enterprise – seven minors depicted in identified "series" of child sexual abuse material that were located on the Rapey website, and two minor victim users of the website. Documentation in support of the majority of these requests can be found attached to

---

[1] *See* NCMEC, COVID-19 and Missing & Exploited Children, https://www.missingkids.org/blog/2020/covid-19-and-missing-and-exploited-children (last accessed April 17, 2023).

[2] 18 U.S.C. § 2259(b)(1) refers to a separate rule, contained in § 2259(b)(2), for defendants convicted of "trafficking in child pornography." The defendant stands convicted of an offense categorized by § 2259(c) as "child pornography production," rather than "trafficking in child pornography," so § 2259(b)(2) is inapplicable. *See* 18 U.S.C. § 2259(c)(1) (defining "child pornography production" as "conduct proscribed by subsections (a) through (c) of 2251 . . . section 2252A(g) (in cases in which the series of felony violations involves at least 1 of the violations listed in this subsection").

6

the PSR, and the remaining documentation has been provided to defense counsel and probation today. While these victims' images were not shared by the defendant, the government submits that having been convicted of engaging in a child exploitation enterprise whose plain purpose was to generate and distribute such images, the defendant is properly liable for restitution to all victims of the enterprise, as their harm and losses were reasonably foreseeable to the defendant, and a natural and probable consequence of the enterprise in which they engaged. While the government has not found any case law addressing this in the enterprise context, liability for criminal acts in a conspiracy may be proven on a *Pinkerton* theory of liability. That is:

> [c]o-conspirators are liable for the reasonably foreseeable acts of another co-conspirator taken in the course of and in furtherance of the unlawful agreement, regardless of whether they had actual knowledge of those acts, so long as they played more than a minor role in the conspiracy or had actual knowledge of at least some of the circumstances and events culminating in the reasonably foreseeable event.

*United States v. Baker*, 432 F.3d 1189, 1235 (11th Cir. 2005); *see also United States v. Gillespie*, 27 F.4th 934, 941 (4th Cir. 2022) ("Under the *Pinkerton* doctrine, defendants are vicariously 'liable for substantive offenses committed by a co-conspirator when their commission is reasonably foreseeable and in furtherance of the conspiracy.'") (quoting *United States v. Hare*, 820 F.3d 93, 105 (4th Cir. 2016)); *see also United States v. Broadwell*, 870 F.2d 594, 603-04 (11th Cir. 1989); *United States v. Alvarez-Valenzuela*, 231 F.3d 1198, 1203 (9th Cir. 2000). The fact that liability for criminal acts, imposing criminal *penalties*, can be imposed under this theory supports the notion that restitution—a non-punitive measure designed to make victims whole—certainly can and should be as well.

A restitution order envisioning each of the enterprise's victims as a victim of each of the enterprise's members is also consistent with the plain language of the relevant statute. 18 U.S.C. § 2259(c)(4) defines "victim" as "the individual harmed as a result of the commission of a crime

under this chapter." This plainly includes any minor, sexually explicit images of whom were produced, distributed, received, accessed, or possessed by any member of the enterprise. This is particularly so in light of the fact that the offense of which the defendant was convicted includes as an element the requirement that the defendant have committed at least one enumerated predicate felony offense "in concert with three or more other persons," emphasizing the jointly-undertaken nature of the conduct, and naturally suggesting joint responsibility for its attendant harms. *See* 18 U.S.C. § 2252A(g).

## V.   Forfeiture

At sentencing, the parties anticipate submitting a consent order of forfeiture encompassing the electronic devices the defendant used in furtherance of the offense of conviction, or that contained depictions of minors engaged in sexually explicit conduct. The United States respectfully requests that the Court enter the consent order of forfeiture at that time.

## VI.   Supervised Release

The Court must also determine the appropriate term of supervised release at sentencing. "Supervised release . . . is not a punishment in lieu of incarceration." *United States v. Granderson*, 511 U.S. 39, 50 (1994). Instead, it "fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). Under 18 U.S.C. § 3583(k), the authorized term of supervised release here is at least five years and up to life. This five-year mandatory minimum term reflects a heightened concern for recidivism among sex offenders and the need for supervision over time. *See* H.R. Rep. No. 107–527 at 2 (2002) ("[S]tudies have shown that sex offenders are four times more likely than other violent criminals to recommit their crimes [and that] . . . the recidivism rates do not appreciably decline as offenders age"); H.R. Conf. Rep. No. 108-66 at 49–50 (2003). Notably, the Guidelines recommend a lifetime term of supervised

release for sex offenders, U.S.S.G. § 5D1.2(b) (Policy Statement), and the Fourth Circuit has observed that § 3583(k) and 5D1.2(b) jointly "reflect[] the judgment of Congress and the Sentencing Commission that a lifetime term of supervised release is appropriate for sex offenders in order to protect the public." *United States v. Morace*, 594 F.3d 340, 351 (4th Cir. 2010) (quotation marks and citations omitted). For the reasons above, the United States respectfully recommends that the Court impose a substantial term of supervised release with the conditions of supervision contemplated under 18 U.S.C. § 3583(d) and U.S.S.G. § 5D1.3(d)(7) for sex offenders required to register under the Sex Offender Registration and Notification Act.

## CONCLUSION

For the reasons above, the United States respectfully requests that the Court impose a substantial, reasonable sentence deemed appropriate by the Court in its discretion, a substantial term of supervised release, restitution and forfeiture as described above, and a $100 special assessment under § 3013.

Respectfully Submitted,

Jessica D. Aber
United States Attorney

By:       /s/
Whitney Kramer
Special Assistant United States Attorney (LT)
Seth Schlessinger
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3980
Email: Whitney.Kramer2@usdoj.gov

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2023, I electronically filed the foregoing memorandum with the Clerk's Office using the CM/ECF system, which will automatically generate notification to all counsel of record.

Respectfully submitted,

/s/
Whitney Kramer
Special Assistant United States Attorney (LT)