# WOODBRIDGE PSYCHOLOGICAL ASSOCIATES, P.C.

4320 Prince William Parkway
Suite 109
Woodbridge, Virginia 22192

Telephone: 703.680.4200
Facsimile: 844.238.6630
information@wpapc.com

4/3/23

Yancey Ellis, Esq.
Carmichael Ellis & Brock, PLLC
108 N. Alfred Street, 1st Floor
Alexandria, VA 22314

  Re: United States v. Jacob Royce Mullins; 1:22-CR-120

Dear Mr. Ellis,

Pursuant to your request, I conducted a psychological evaluation of your client, Jacob Mullins (DOB: ▇▇▇▇). Mr. Mullins has pleaded Guilty to one count of Engaging in a Child Exploitation Enterprise. According to The Statement of Facts for this case, Mr. Mullins was an administrator of a website entitled "Rapey," which was a website "dedicated to, among other things, the sexual exploitation of children. The Rapey website contained forums, postings, and conversations dedicated to facilitating an array of child exploitation offenses, including the production, distribution, and receipt of child sexual abuse material, as well as the enticement of minors to engage in unlawful sexual activity."

I evaluated Mr. Mullins at the Alexandria Detention Center on 3/28/23. I interviewed Mr. Mullins for approximately 2.5 hours, conducted a mental status evaluation and observations of his behavior, and administered standardized psychological testing (The Minnesota Multiphasic Personality Inventory, 3rd Edition). I also conducted a telephone interview of Mr. Mullins's sister, Maela Lindsay. I have also reviewed the following sources of information:
  Plea Agreement, 1/2/23
  Statement of Facts, 1/2/23
  Memorandum Opinion, U.S. v. Christopher William Kuehner, 1/31/23
  Indictment, 7/14/23
  Transcript of law enforcement interview with Mr. Mullins
  Target Investigation Report: "NotJ"
  DHS Reports, 4/18/22, 4/21/22

This letter summarizes my findings regarding factors potentially relevant to mitigation of Mr. Mullins's criminal sentence.

Mullins, Jacob


Mr. Mullins' biological parents divorced when he was a young child. Mr. Mullins inferred that the relationship ended because his father discovered his mother's infidelity: he recalled that, around age six, his mother would sometimes take him and his sister to another man's home while his father went to work, but that one day his father showed up at the other man's house unexpectedly, and took the children with him. Mr. Mullins explained that "after that, I only saw my mom like once a year for the next few years." After the separation, Mr. Mullins and his sister Mallory were raised by their father and their stepmother Angela. Mr. Mullins and his sister describe their father as a stern authority figure and disciplinarian, and as sometimes angry and aggressive. Mr. Mullins and Mallory Mullins each reported that their father was sometime violent with them. On one occasion, Mr. Mullins fell off of his bicycle. He chipped a tooth and was taken to the doctor for medical treatment. Mr. Mullins' explained that his father's first reaction was to punch Mr. Mullins "in the gut" and slap his sister "because we weren't supposed to be riding our bikes." Mr. Mullins cited other examples during his childhood of his father shoving him against a wall, and kicking him.

Psychological testing administered for this evaluation indicates Mr. Mullins has a very shy and introverted personality. He would be expected to be socially withdrawn and to have difficulty making connections with others. His personality testing indicates that, although he desires social connection, he struggles with social anxiety and may avoid social situations. Mr. Mullins indicated that his social anxiety started to improve after he obtained a driver's license, because he was able to leave the family home and interact with people at his job. Mr. Mullins indicated he has typically had a difficult time developing friendships. He stated that at school he had a few acquaintances, but not people that he considered close friends. He indicated that for much of his childhood, he was stuck at home with little peer interaction because his father was always working and his stepmother did not have a driver's license. He indicated that he has two previous dating relationships, and he has been dating his current girlfriend Kelsey since they met at his job in 2021.

Mr. Mullins was particularly isolated and lonely in 2020. His sister Mallory moved out of the family home in March of 2020. Malloy Mullins told the examiner that she moved out two months after she turned 18 years old, and that she did not tell anyone she was leaving "because I didn't want dad or Angela throwing a fit." Ms. Mullins explained that her brother felt hurt by her abrupt departure, and the two of them did not speak for some time. Due to the COVID-19 pandemic, Mr. Mullins did not go to school for his last two months of high school, and there was no graduation ceremony. He indicated that for the remainder of 2020, he remained home with his father and stepmother, unemployed, and with no significant social interactions apart from his parents. He indicated his mood was quite low for much of this period. The instant offense conduct reportedly took place several months into this period of isolation.

Psychological testing did not indicate the presence of Antisocial Personality traits, and Mr. Mullins has no history of prior criminal justice involvement, noncompliance with treatment or supervision, or violation of conditional release. It appears that any psychosexual disturbance Mr. Mullins may have does not appear in the context of a broad pattern of criminal antisociality. Compared to the average prison inmate, Mr. Mullins would be expected to display much lower levels of antisocial traits and behavioral disturbance. The low levels of antisocial traits and lack of prior criminal justice involvement are positive factors associated with a lower likelihood of recidivism. The

Mullins, Jacob

absence of antisocial traits is also a very positive sign for his ability to engage in sex offender treatment and other rehabilitative interventions.

Mr. Mullins currently displays significant signs of depression, including sustained periods of low mood, feelings of helplessness, self-doubt, inefficacy, and persistent worry. This low mood appears to be largely in response to the stress of his criminal justice involvement, as well as the stress of his mother's recent cancer diagnosis. In my opinion, he meets criteria for Adjustment Disorder, with Depressed Mood. This diagnosis refers to the development of distressing mood symptoms in response to identified external stressors. His recent use of marijuana as a sleep aid has also likely functioned as an attempt to manage the anxiety related to his recent stress. I recommend that Mr. Mullins consult with a psychiatrist about potential pharmacotherapy of his depressive symptoms.

**Conclusions:**

In sum, Mr. Mullins's life has reportedly been marked by a number of adverse and potentially traumatic experiences, including parental divorce, loss of relationship with his mother, physical violence and harsh corporal punishment by his father, difficulty forming supportive social relationships, and the social isolation and stress of the COVID-19 pandemic. He has also recently been suffering from symptoms of depression.

I recommend that Mr. Mullins receive mental health treatment for his Adjustment Disorder with Depressed Mood.

Given the nature of the instant offense, I recommend that Mr. Mullins participate in sex offender treatment. Evidence based (i.e., scientifically supported) treatments to address offending sexual behaviors are commonly available in correctional and community settings, and successful engagement in such treatments is associated with a decreased risk of recidivism. Mr. Mullins appears to be a very good candidate for engagement in treatment because he has no prior offenses and appears to be low in generally antisocial personality traits.

Mr. Mullins has a history of marijuana use, which became more frequent shortly before his incarceration. It is recommended that he refrain from substance use, to reduce his risk of addiction. I recommend that he be referred to additional substance abuse treatment if he has difficulty maintaining abstinence. Abstinence from substance use is also associated with a lower risk of criminal recidivism.

This letter and its conclusions are based on the information available to the evaluator at this time. I believe the information herein to be accurate and sufficient to form a basis for these conclusions. However, the examiner reserves the right to modify these opinions or conclusions if new information becomes available that substantially conflicts with the presently available data.

Mullins, Jacob 

Respectfully submitted,

Travis D. Flower, J.D., Psy.D.
Licensed Clinical Psychologist